**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES**

Case No.   **3:14-cv-00087-BR**                                               Date: **April 23, 2014**

Case Title:  **Foraker v. USAA Casualty Insurance Company**

Presiding Judge:  **Anna J. Brown**                     Courtroom Deputy:  **Bonnie Boyer**
                                                                            Tele: (503) 326-8053
                                                                            e-mail: Bonnie_Boyer@ord.uscourts.gov

**DOCKET ENTRY:** Order

On April 23, 2014, the Court heard oral argument on Defendant's Motion (#6) to Dismiss Plaintiff's Second Claim for Relief, Defendant's Request (#8) for Judicial Notice, and Plaintiff's Motion (#21) to Quash Subpoenas and for Protective Order. For the reasons stated on the record, the Court rules as follows:

(1) The Court **GRANTS** Defendant's Motion (#6) to Dismiss in part and DISMISSES without prejudice as premature Plaintiff's Second Claim for Relief which the Court construes as a claim for Financial Abuse of a Vulnerable Person under Oregon Revised Statutes §§ 124.005, et seq . The Court **GRANTS** Plaintiff leave to file an amended complaint to plead, in accordance with federal pleading standards, a claim for relief based on Defendant's alleged breach of a duty owed to Plaintiff to the extent that Plaintiff contends such a duty exists separately from the contractual duty asserted in Plaintiff's First Claim for breach of contract. Plaintiff, however, must not seek to plead a claim for Financial Abuse of a Vulnerable Person until such time as the amount of any money that Defendant may owe to Plaintiff is actually determined. In the event Plaintiff chooses to file an amended complaint, such amendment is due **no later than Friday, May 9, 2014**. Defendant's answer or responsive pleading to any such amendment is due **no later than May 23, 2014.** As stated on the record, in the interest of judicial economy and the parties' resources, the Court strongly encourages Defendant to preserve its defenses in the form of an answer and to challenge any alleged deficiencies in Plaintiff's operative complaint by way of dispositive motion.

(2) The Court **DENIES as moot** Defendant's Request (#8) for Judicial Notice.

(3) The Court **DENIES as moot** Plaintiff's Motion (#21) to Quash and for Protective Order in light of the parties' resolution of the dispute as to the production of Plaintiff's medical records and the costs of such production as stated on the record.

(4) The Court **STRIKES** all existing case-management dates and directs the parties to file **by June 11, 2014**, a joint status report notifying the Court as to the parties' progress on the parties' discovery efforts specifying any then-existing unresolved discovery disputes and the parties' positions therein and, finally, proposing a new case-management schedule. Upon receipt of the parties' joint report, the Court will determine whether a further conference with the parties is necessary for the purpose of resolving any outstanding discovery issues and for setting new case-management dates.