**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

PEGGY FORAKER,                                    3:14-CV-00087-BR

      Plaintiff,

                                    ORDER

v.

USAA CASUALTY INSURANCE
COMPANY ,

      Defendant.


**HEATHER A. BRANN**
Attorney at Law
P.O. Box 11588
Portland, OR 97211
(503) 490-6563

**JAMES R. JENNINGS**
James R. Jennings, P.C.
1550 N.W. Eastman Parkway
Suite 275
Gresham, OR 97030
(503) 669-3406

      Attorneys for Plaintiff

1 - ORDER

**JOSHUA N. KASTAN**
Hayes Scott Bonino Ellingson & McLay, LLP
203 Redwood Shores Parkway
Suite 480
Redwood City, CA 94065
(650) 637-9100

**ROBERT S. MCLAY**
Hayes Scott Bonino Ellingson & McLay, LLP
203 Redwood Shores Parkway
Suite 480
Redwood City, CA 94065
(650) 637-9100

**MATTHEW C. CASEY**
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
(503) 499-4478

      Attorneys for Defendant


**BROWN, Judge.**

    This matter comes before the Court on the discovery disputes as set forth in the Joint Status Report (#55), Supplemental Joint Status Report (#58) of Plaintiff Peggy Foraker and Defendant USAA Casualty Insurance Company, Plaintiff's Supplement Letter (#60) Containing Authority Per the Court's Request, and Defendant's First Supplement Response (#61) to Court's Request for Oregon Authority Applying Work-Product Protection.

    The Court heard oral argument on the parties' discovery disputes on July 31, 2014.  For the reasons stated on the record and in the exercise of its case-management authority, the Court confirms the following rulings it made on the record:

2 - ORDER

1.  Discovery re Simon Harding

After engaging in meaningful conferral with counsel for nonparty Simon Harding and opposing counsel, any party wishing to file any motion to compel discovery from Harding must file such motion no later than August 8, 2014.  Any opposition to such motion, including any cross-motion by any party or Harding, is due no later than August 13, 2014.  Any response to any cross-motion is due no later than August 20, 2014.  No replies will be permitted.  The Court will hear oral argument on such motions on August 28, 2014, at 9:00 a.m.  The Court directs the Clerk to ensure Harding's counsel, Ms. Deanna Wray, receives a copy of this Order

2.  Defendant's Claim File

Counsel for Defendant is directed to certify to Plaintiff's counsel no later than August 8, 2014, that all material in Defendant's "claim file" (as that term was defined by Defendant's counsel on the record) has been produced to Plaintiff with the exception of the 12 pages of documents over which Defendant claims work-product privilege and which are further subject to the Court's ruling herein and as stated on the record.

3.  Defendant's Assertion of Work-Product Privilege over 12 pages of Discovery

Having taken *ex parte* argument from Defendant's counsel as noted on the sealed record and having reviewed all of the redacted and withheld material, the Court makes the following

3 - ORDER

rulings:

      a.    FORAKER CF 0006 - The Court overrules Defendant's claim of privilege and orders Defendant to produce to Plaintiff an unredacted version of this document.

      b.    FORAKER CF 0137 - The Court sustains Defendant's redaction of this document on the ground of work-product privilege.

      c.    FORAKER CF 0140-41.  The Court sustains Defendant's redaction of this document on the ground of work-product privilege.  The Court, however, directs counsel for Defendant to reassess whether Defendant has an obligation to produce this document following the deposition of Harding.

      d.    FORAKER CF 0697-98 - The Court overrules in part and sustains in part Defendant's redaction of this document on the ground of work-product privilege. The Court directs counsel for Defendant to unredact portions of this document as directed by the Court in the sealed portion of the record and to reproduce the newly redacted document to Plaintiff.

      e.    FORAKER CF 1768-1773 - The Court sustains Defendant's redaction of this document on the

ground of work-product privilege.

f.   Defendant's counsel shall make the productions
ordered here no later than August 8, 2014.

4.   <u>Plaintiff's Interrogatories Directed to Defendant re</u>
<u>Valuation of Claim</u>

The Court sustains Defendant's objection to submitting a
response to any interrogatory that would require Defendant to
disclose its reserves and valuation opinions with respect to
Plaintiff's claim, and the Court denies Plaintiff's request to
compel discovery on this issue.

5.   <u>Radiological Films and Conduct of James Jennings</u>

For the reasons stated on the record, the Court directs
Plaintiff's counsel, James Jennings, to provide counsel for
Defendant with a certification under oath and subject to the
penalties of perjury that reestablishes the chain of custody
regarding the radiological film materials Jennings took and
returned.  To the extent that Defendant, nevertheless, wishes to
rely on new copies of this material, the Court will not issue any
order requiring Plaintiff to pay for any such new copies.  With
respect to any attorneys' fees that Plaintiff has incurred in
reviewing the radiological film material and in dealing with
Defendant's well-founded objections to Jennings having removed
the material in violation of the parties' agreement, Plaintiff
shall not include such fees in any attorneys'-fee petition
submitted by Plaintiff.

5 - ORDER

6.  <u>Future Conferral Between Parties</u>

In the exercise of its discretion the Court requires counsel to engage in real-time communication whenever a matter for conferral arises.  In particular, Counsel must speak to each other long enough to ensure each understands the positions of the other.  Unilateral written submissions of a party's position on a matter subject to conferral is not sufficient to meet the requirement of Local Rule 7.1(a).

7.  <u>Case Management Schedule</u>

No later than August 8, 2014, the parties shall file a jointly proposed case-management schedule.  As discussed with the parties on the record, the proposal shall include the possibility that the Court will bifurcate proceedings to require the resolution of Plaintiff's claim for the UIM policy limits before the Court resolves disputes about discovery and other matters related to Plaintiff's claim for breach of the contractual covenant of good faith and fair dealing.

IT IS SO ORDERED.

DATED this 4th day of August, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

6 - ORDER