Robert S. McLay (*pro hac vice*)
E-mail: rmclay@hayesscott.com
Joshua N. Kastan (*pro hac vice*)
E-mail: jkastan@hayesscott.com
HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Ste. 480
Redwood City, California 94065
Telephone: (650) 637-9100
Facsimile: (650) 637-8071

Matthew C. Casey, OSB #981950
E-mail: matt.casey@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: (503) 228-6351
Facsimile: (503) 295-0915

Attorneys for Defendant
USAA CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PEGGY FORAKER, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>USAA CASUALTY INSURANCE COMPANY, a Texas Corporation,<br><br>　　　　　Defendant. | **Civil Case No.:**　　3:14-cv-00087-BR<br><br>**DEFENDANT USAA CASUALTY INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE NO. 2 TO EXCLUDE CAUSATION OPINIONS OF TREATING PHYSICIANS**<br><br>**Request for Oral Argument**<br><br>Hearing Date:　　July 28, 2015<br><br>Clarified FAC Filed:　June 13, 2014<br>Trial Date:　　　　　January 25, 2016 |

HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Ste. 480
Redwood City, CA 94065
Tel: (650) 637-9100 | Fax: (650) 637-8071

USAA CIC'S REPLY ISO MOTION IN LIMINE
RE EXCLUSION OF CAUSATION OPINIONS OF
PLAINTIFF'S TREATING PHYSICIANS

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   FORAKER'S OPPOSITION FAILS TO POINT TO *ANY* EVIDENCE
      FROM THE TREATING PHYSICIANS' DEPOSITIONS OR OTHER
      RECORDS TO COUNTER USAA CIC'S POSITION ...................................... 3

III.  THE DIFFERENTIAL DIAGNOSIS THAT MAY HAVE BEEN
      UTILIZED BY FORAKER'S TREATING PHYSICIANS HAS NO
      BEARING ON THE INSTANT MOTION TO EXCLUDE OPINIONS
      NOT FORMED DURING TREATMENT ........................................................ 4

IV.   CONTRARY TO FORAKER'S POSITION, *GOODMAN* IS STILL
      GOOD LAW AND PROVIDES THE FRAMEWORK FOR
      NON-RETAINED EXPERT TESTIMONY ....................................................... 5

V.    REGARDLESS OF *GOODMAN*, TREATING PHYSICIANS
      CANNOT SPECULATE AS TO WHAT MAY HAVE
      CAUSED FORAKER'S CLAIMED INJURIES ................................................ 6

VI.   FORAKER'S TREATING PHYSICIANS EITHER MUST BE
      TRUE NON-RETAINED EXPERTS THAT PROVIDE *ONLY*
      INFORMATION BASED ON THEIR PERSONAL KNOWLEDGE,
      *OR* FORAKER SHOULD HAVE PRODUCED WRITTEN REPORTS ......... 8

VII.  CONCLUSION ................................................................................................... 9

**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Ste. 480
Redwood City, CA 94065
Tel: (650) 637-9100 | Fax: (650) 637-8071

**USAA CIC'S REPLY ISO MOTION IN LIMINE
RE EXCLUSION OF CAUSATION OPINIONS OF
PLAINTIFF'S TREATING PHYSICIANS**
Page | i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    43 F.3d 1311 (9th Cir. 1995) ................................................................................................2, 7

*Goodman v. Staples*,
    644 F.3d 817 (9th Cir. 2011) ........................................................................................ *passim*

*Lust v. Merrell Down Pharmaceuticals, Inc.*,
    89 F.3d 594 (9th Cir. 1996) ........................................................................................................7

*Poyer v. United States*,
    2013 WL 4786485 (D. Or. 2013)................................................................................................6

*Uris v. Compensation Department*,
    247 Or. 420 (1967)......................................................................................................................7

HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Ste. 480
Redwood City, CA 94065
Tel: (650) 637-9100 | Fax: (650) 637-8071

USAA CIC'S REPLY ISO MOTION IN LIMINE
RE EXCLUSION OF CAUSATION OPINIONS OF
PLAINTIFF'S TREATING PHYSICIANS
Page | ii

# I.
# INTRODUCTION

Foraker's combined Opposition to several of USAA CIC's separate and unrelated Motions in Limine does little to address the thrust of USAA CIC's Motion to exclude Foraker's treating physicians from offering opinions on the *causation* of her claimed injuries. Contrary to the arguments in her Opposition, USAA CIC has *not* asked this Court to exclude these physicians' opinions based on any of their deposition testimony about photos of the accident or based on the lack of duplicative depositions in their capacities as Foraker's non-retained experts. (*See* Opposition, Dkt. No. 177, at 2.) Rather, **USAA CIC asks this Court to apply well-established Ninth Circuit and federal authority to exclude testimony of treating physicians that was formed outside the course and scope of their treatment** and that is prohibitively speculative about *how* or *why* Foraker's claimed injuries arose. As discussed at length in USAA CIC's moving papers, although it is appropriate for Foraker's treating physicians to testify on their diagnoses and treatments of Foraker, they should not be permitted to testify on their opinions of the causation of Foraker's alleged injuries as they were not formed during the course and scope of treatment.

In the Opposition, Foraker contends that "[o]n the merits, each of these experts formed their opinions solely in the course of treatment of Ms. Foraker," ***but has provided absolutely no evidence to support her position that the treating physicians' causation opinions are appropriate***. (*See* Opposition, Dkt. No. 177, at 2.) Unlike the Opposition, USAA CIC's Motion is premised on a wealth of *actual evidence* developed in this case and a lengthy discussion of relevant and controlling case law. Foraker's Opposition does not discuss – let alone cite or rely upon – any of the numerous treating physicians' deposition testimony, but instead is premised entirely on legal argument and conclusions.

**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Ste. 480
Redwood City, CA 94065
Tel: (650) 637-9100 | Fax: (650) 637-8071

**USAA CIC'S REPLY ISO MOTION IN LIMINE RE EXCLUSION OF CAUSATION OPINIONS OF PLAINTIFF'S TREATING PHYSICIANS**
Page | 1

It is disappointing that Foraker has chosen to take a vitriolic and counterproductive tone within her oppositions to personally attack counsel and USAA CIC, alleging, in her words, that this is a "'gotcha' motion" that somehow stems from USAA CIC's decisions to take the depositions of Foraker's treating physicians. (*See* Opposition, Dkt. No. 177, at 12-13.)[1] Not true. USAA CIC's Motion properly asks this Court to restrict the treating physicians' anticipated testimonies at trial to their diagnoses and treatments of Foraker given their status as non-retained experts, pursuant to the instruction of *Goodman v. Staples*, 644 F.3d 817 (9th Cir. 2011).

Pursuant to *Goodman*, *Daubert*, and the arguments raised in USAA CIC's Motion, this Court should tailor the allowable testimony of Foraker's treating physicians – disclosed as non-retained experts – to *only* their diagnoses and treatment of Foraker, rather than about their assumptions and pure speculation about what *may* or *may not* have caused Foraker's claimed injuries.

Troublingly, Foraker again misrepresents USAA CIC's position in contending that USAA CIC has argued that – in her words – "the accident didn't happen, Ms. Foraker is a liar, and all treating physicians are charlatans because they didn't personally witness the accident." (Opposition, Dkt. No. 177, at 5.) Again, not true. Any causation opinions of Foraker's treating physicians are entirely speculative and lack a foundation rooted in even a modicum of objective data. The passage of time does not change the fact that any causal opinions of treating physicians are far outside the scope of their treatment and ability to testify as non-retained experts.

---

[1] Foraker points to USAA CIC's depositions of Foraker's treating physicians – individuals whom she disclosed as witnesses in her initial disclosures – as contends that this "comports with USAA [CIC's] pattern of bad faith . . . ." (Opposition, Dkt. No. 177, at 5, 17.) Any discussion of alleged 'bad faith" on the part of USAA CIC not only lacks merit, but also is inappropriate in Phase I of this case concerning Foraker's claim for contractual uninsured motorist benefits. Regardless, Foraker's allegations of so-called "bad faith" are misplaced, given that USAA CIC has acted entirely in good faith and appropriately throughout discovery and the litigation of this matter. All of USAA CIC's Motions in Limine are premised on solid legal and factual foundations.

**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Ste. 480
Redwood City, CA 94065
Tel: (650) 637-9100 | Fax: (650) 637-8071

**USAA CIC'S REPLY ISO MOTION IN LIMINE RE EXCLUSION OF CAUSATION OPINIONS OF PLAINTIFF'S TREATING PHYSICIANS**
Page | 2

## II.
## FORAKER'S OPPOSITION FAILS TO POINT TO *ANY* EVIDENCE FROM THE TREATING PHYSICIANS' DEPOSITIONS OR OTHER RECORDS TO COUNTER USAA CIC'S POSITION

As a threshold issue, Foraker's Opposition does not present this Court with any evidence to support her arguments. Although counsel has submitted a declaration to support some of the arguments within the other oppositions, Foraker's attempt to address the issues regarding the treating physicians is *not* based on any deposition testimony, *not* based on any records, *not* based on any written reports, and *not* based on any physician declaration. Without any direct citations, Foraker seemingly points to Dr. Swarztrauber's and Dr. Chen's "informal letters"[2] prepared by either Foraker herself (to Dr. Chen)[3] or her attorney (to Dr. Swarztrauber)[4] in advance of the filing of this case to support the notion that "[t]hese letters purport to memorialize the course of treatment of Ms. Foraker, were gathered to assist USAA [CIC] in evaluating the claim, and have been repeatedly disclosed to USAA [CIC]." (Opposition, Dkt. No. 177, at 13.)

Although this issue applies to *all* thirty of Foraker's disclosed treating physicians, the deficiencies within Foraker's Opposition as to Dr. Chen and Dr. Swarztrauber are particularly alarming. Indeed, Foraker *completely ignores* those doctors' deposition testimonies. At deposition, Dr. Chen acknowledged that he did not "have all the information" to come to the conclusions outlined within his letter and agreed that it was speculative that Foraker asked him to opine that she has supposedly suffered head trauma in the accident. (Chen Depo., Ex. 13, at 78:6-79:6; *see also* Motion, Dkt. No. 147, at 12-13.) Dr. Chen further confirmed that he would consult with his own counsel before signing a similar statement now. (Chen Depo., Ex. 13, at 82:7-15; *see also* Motion, Dkt. No. 147, at 8.)

Foraker's failure to discuss – or even acknowledge – Dr. Swarztrauber's deposition

---

[2] Opposition, Dkt. No. 177, at 13.
[3] *See* Dr. Chen's statement from Foraker, Ex. 40.
[4] *See* Dr. Swarztrauber's initial and revised statements from attorney Jennings, Exs. 41-42.

HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Ste. 480
Redwood City, CA 94065
Tel: (650) 637-9100 | Fax: (650) 637-8071

USAA CIC'S REPLY ISO MOTION IN LIMINE
RE EXCLUSION OF CAUSATION OPINIONS OF
PLAINTIFF'S TREATING PHYSICIANS
Page | 3

testimony is similarly disappointing. In fact, at deposition, Dr. Swarztrauber confirmed USAA CIC's position that she did not reach any conclusions or offer any opinions to Foraker on the cause of her claimed personal injuries, and felt very uncomfortable about the letters that she was asked to sign by Foraker's counsel, Mr. Jennings. (Swarztrauber Depo., at Ex. 14, at 8:24-10:1, 41:21-42:23, 81:13-82:12, 85:17-86:18; *see also* Motion, Dkt. No. 147, at 14-16.)

The lack of any evidentiary basis for Foraker's Opposition should be both the beginning and end of the analysis of USAA CIC's request to exclude the improper testimony of Foraker's treating physicians here. Setting aside Foraker's derisive and inappropriate arguments, Foraker has not provided this Court with any evidence to support her position within the Opposition to USAA CIC's Motion to Exclude certain opinions by Foraker's treating physicians.

### III. THE DIFFERENTIAL DIAGNOSIS THAT MAY HAVE BEEN UTILIZED BY FORAKER'S TREATING PHYSICIANS HAS NO BEARING ON THE INSTANT MOTION TO EXCLUDE OPINIONS NOT FORMED DURING TREATMENT

As noted above and within USAA CIC's moving papers, Foraker's treating physicians may certainly opine on their activities and diagnoses in treating Foraker. Nonetheless, the Opposition contends that "the treating physicians' opinions on aggravation of Ms. Foraker's preexisting hydrocephalus and any particular susceptibility she had to brain injury is simply part of the differential diagnosis undertaken by each provider." (Opposition, Dkt. No. 177, at 16.) Whether Foraker's treating physicians applied differential diagnosis is besides the point; the question presented by USAA CIC's Motion directed at the treating physicians is *not* whether "the treating physicians' methods are anything other than differential diagnosis" as Foraker asserts, but is instead whether ***Foraker's treating doctors can be permitted to provide on new and unsupported opinions of causation that were not formed during her treatment***. (*See generally* Motion, Dkt. No. 147.)

**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Ste. 480
Redwood City, CA 94065
Tel: (650) 637-9100 | Fax: (650) 637-8071

USAA CIC'S REPLY ISO MOTION IN LIMINE
RE EXCLUSION OF CAUSATION OPINIONS OF
PLAINTIFF'S TREATING PHYSICIANS
Page | 4

While Foraker's treating physicians may certainly testify regarding what their observations, communications, and diagnostic conclusions of Foraker that originated at the time of treatment, they may not provide any opinions as to what could have caused Foraker's injuries. Such testimony would be far outside the scope of allowable opinion testimony by non-retained experts.

### IV.
### CONTRARY TO FORAKER'S POSITION, *GOODMAN* IS STILL GOOD LAW AND PROVIDES THE FRAMEWORK FOR NON-RETAINED EXPERT TESTIMONY

With no more than a repeated citation to the Federal Rules of Civil Procedure, a 2010 Advisory Committee note, and without pointing to any independent case law other than *Goodman*, *supra*, Foraker posits that "*Goodman* may be limited in scope in light of the rule amendment, to those witnesses who are 'retained or specially employed.'" (Opposition, Dkt. No. 177, at 11.) *Goodman*'s instruction are squarely on-point with the instant case and Foraker has not provided this Court with any authority that limits *Goodman* in the manner she advocates.

Indeed, just like the instant case, *Goodman* involved:

- An allegedly traumatic event, the circumstances of which the parties disputed (*Goodman*, *supra*, 644 F.3d at 820);

- The plaintiff's disclosure of her various treating physicians as fact witnesses in her initial disclosures (*Id.* at 820-821);

- A list of her treating physicians that she intended to call as expert witnesses, without any accompanying Rule 26 reports (*Id.* at 821);

- The defendant's objections to the plaintiff's treating physicians from testifying to matters "developed during the course of their treatment" of the plaintiff (*Id.*).

On those facts that are reminiscent of this case, the Ninth Circuit expressly held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the

HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Ste. 480
Redwood City, CA 94065
Tel: (650) 637-9100 | Fax: (650) 637-8071

USAA CIC'S REPLY ISO MOTION IN LIMINE
RE EXCLUSION OF CAUSATION OPINIONS OF
PLAINTIFF'S TREATING PHYSICIANS
Page | 5

extent that his [or her] opinions were formed during the course of treatment." (*Id.* at 826.) In so holding, the court noted that although the treating physicians had untimely provided their opinions in writing, they did "not distinguish between opinions based on observations made during the course of treatment and those based on a review of the records sent by the attorney." (*Id.* at fn. 2.)

Significantly, contrary to Foraker's argument, *Goodman* **never** "considered and rejected a standard that would have required 'disclosure of a written report any time a party seeks to have a treating physician testify as to the *causation* of a medical condition.'" (Opposition, Dkt. No. 177, at 12 [quoting *Goodman*, *supra*, 644 F.3d at 825].) The Ninth Circuit tethered its holding on the opinions of other courts that had addressed the issue of treating physicians, expressly "join[ing] those circuits that have addressed the issue . . . ." (*Goodman*, *supra*, 644 F.3d at 826.)

Although the 2010 Advisory Committee notes and the 2010 amendments about which they pertain provide certain clarifications as *reports* of non-retained experts, the language of the amendment has no affect on the *Goodman* court's concern about treating physicians testifying about opinions not formed at the time they treated their patient. (*See Goodman*, *supra*, 644 F.3d at 827.) *Goodman*'s core holding – that the testimony of treating physicians "fell outside of the 'treating physician exception' insofar as their additional opinions are concerned," remains controlling regardless of any amendments to the Federal Rules. (*Id.* at 826.)[5]

## V.
## REGARDLESS OF *GOODMAN*, TREATING PHYSICIANS CANNOT SPECULATE AS TO WHAT MAY HAVE CAUSED FORAKER'S CLAIMED INJURIES

Even assuming, *arguendo*, that *Goodman* is not dispositive as to USAA CIC's Motion, Foraker's attempt to adopt her non-retained treating physicians as witnesses to advocate her

---

[5] At least one other case within this District has cited to *Goodman* as good law after 2010 – a fact militating against Foraker's position that the amendments somehow overruled that case. (*See, e.g.*, *Poyer v. United States*, 2013 WL 4786485, *3 fn. 3 (D. Or. 2013).)

HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Ste. 480
Redwood City, CA 94065
Tel: (650) 637-9100 | Fax: (650) 637-8071

USAA CIC'S REPLY ISO MOTION IN LIMINE
RE EXCLUSION OF CAUSATION OPINIONS OF
PLAINTIFF'S TREATING PHYSICIANS
Page | 6

unsupported causation position would provide improperly speculative testimony. As discussed in USAA CIC's moving papers, any discussion of *causation* by Foraker's physicians is prohibitively speculative and outside their expertise.

Oregon law is indeed of assistance to USAA CIC,[6] given that this issue bears on substantive state law as to the element of causation involving a complex medical question. (*See Uris v. Compensation Department*, 247 Or. 420, 424 (1967); *Chouinard v. Health* Ventures, 179 Or.App. 507, 512; *see also* Motion, Dkt. No. 147, at 19-20.) Moreover, federal authorities require that an expert "explain precisely how [he or she] went about reaching [his or her] conclusions and point to some objective source" to show that their opinions are based on the scientific method. (*Lust v. Merrell Down Pharmaceuticals, Inc.*, 89 F.3d 594 (9th Cir. 1996).) By attempting to have the treating physicians opine on topics formed *after* their treatment of Foraker and based on information gathered outside the scope of treatment, this Court should require Foraker to "more than simply 'tak[e] the expert's word for it.'" (2000 Advisory Notes to Fed. R. Evid., R. 702.) There is far too great of a gap between testifying about Foraker's office visits and diagnostic information and the improper topics of *how* Foraker's claim injuries may have occurred – such information is simply unreliable. (*See, e.g.*, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) ["*Daubert II*"].)

Whether from the perspective of *Goodman* or based on the inability of these physicians to testify to causation – or any other opinions formed outside of treatment – Foraker's treating physicians should not be permitted to testify about such topics at trial as explored at length in USAA CIC's Motion.

///

///

---

[6] *See* Opposition, Dkt. No. 177, at 12.

**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Ste. 480
Redwood City, CA 94065
Tel: (650) 637-9100 | Fax: (650) 637-8071

USAA CIC'S REPLY ISO MOTION IN LIMINE
RE EXCLUSION OF CAUSATION OPINIONS OF
PLAINTIFF'S TREATING PHYSICIANS
Page | 7

## VI.
## <u>FORAKER'S TREATING PHYSICIANS EITHER MUST BE TRUE NON-RETAINED EXPERTS THAT PROVIDE *ONLY* INFORMATION BASED ON THEIR PERSONAL KNOWLEDGE, *OR* FORAKER SHOULD HAVE PRODUCED WRITTEN REPORTS</u>

Foraker cannot have it both ways: at the same time that Foraker argues that her treating physicians have not been "retained or specially employed" and therefore do not require written reports,[7] she also contends that she "collected these informal witness statements and provided them directly to USAA [CIC]" during the claim process.[8] Foraker inconsistently argues that these treating physicians have not provided any opinions outside the course and scope of her treatment, while simultaneously acknowledging that she contacted these experts outside of the normal scope of their treatment to obtain their additional opinions.

Dr. Chen is a prime example of this inconsistency.  Although Foraker contends that Dr. Chen was not "asked . . . to consider material outside the scope of [his] treatment of Ms. Foraker or . . . that such treating physician has prepared a report that has not been disclosed," Foraker explicitly contacted Dr. Chen to request that he agree to provide additional opinions that are not reflected in his written records.  Significantly, Foraker asked Dr. Chen to confirm his belief that "[s]tudies show that head trauma can cause immediate enlargement of the ventricles" and that Foraker "suffered a head trauma when the side airbag deployed in the MVA . . . ."  (Dr. Chen's Statement from Foraker, Ex. 40.)  In fact, this signed letter directly contradicts one of Dr. Chen's treating records from just days earlier, in which he noted that it would have been "unusual for post-traumatic hydrocephalus to develop that quickly" and that there had not been any indication of trauma.  (*See* Dr. Chen Medical Record, Ex. 38, at 1.)

Foraker's request that Dr. Chen refer to "studies" and discuss "head trauma" within her request for a "informal witness statement" falls outside the course of his treatment of Foraker: monitoring the brain shunt that had been installed at UCLA while Foraker was at home in Portland.  In short, Foraker's decision to obtain these extra-clinical opinions from her treating physicians – while still contending that they are non-retained experts that may opine on areas

---

[7] Opposition, Dkt. No. 177, at 12-13.
[8] Opposition, Dkt. No. 177, at 7-8.

HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Ste. 480
Redwood City, CA 94065
Tel: (650) 637-9100 | Fax: (650) 637-8071

USAA CIC'S REPLY ISO MOTION IN LIMINE
RE EXCLUSION OF CAUSATION OPINIONS OF
PLAINTIFF'S TREATING PHYSICIANS
Page | 8

outside of their normal treatment – has put their testimony in direct odds with the *Goodman* rule.

Accordingly, this Court should order that Foraker's treating physicians may not provide opinions outside of their diagnoses and actual treatment.

## VII.
## CONCLUSION

For the foregoing reasons, USAA CIC respectfully requests that the Court enter an order excluding Foraker's treating physicians from offering any opinions on the issue of the causation of Foraker's personal injuries.

Dated:  July 17, 2015                             HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

By_____
**Robert S. McLay**
*Pro hac vice*
**Joshua N. Kastan**
*Pro hac vice*
Telephone: (650) 637-9100

BULLIVANT HOUSER BAILEY PC

**Matthew C. Casey**
OSB #981950
Telephone: (503) 228-6351

Attorneys for USAA CASUALTY INSURANCE COMPANY

**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Ste. 480
Redwood City, CA 94065
Tel: (650) 637-9100 | Fax: (650) 637-8071

USAA CIC'S REPLY ISO MOTION IN LIMINE
RE EXCLUSION OF CAUSATION OPINIONS OF
PLAINTIFF'S TREATING PHYSICIANS
Page | 9