IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PEGGY FORAKER,                          3:14-cv-00087-BR

      Plaintiff,                      OPINION AND ORDER

v.

USAA CASUALTY INSURANCE
COMPANY,

      Defendant.


**HEATHER A. BRANN**
P.O. Box 11588
Portland, OR 97211
(503) 490-6563

**STEPHEN C. HENDRICKS**
Hendricks Law Firm, PC
1425 S.W. 20th Avenue, Suite 201
Portland, OR 97201
(503) 241-5629

        Attorneys for Plaintiff


1 - OPINION AND ORDER

**JOSHUA N. KASTAN**
**ROBERT S. MCLAY**
Hayes Scott Bonino Ellingson & McLay, LLP
203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065
(650) 637-9100

**MATTHEW C. CASEY**
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
(503) 499-4478

Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant USAA Casualty Insurance Company's Motion (#274) for Summary Judgment as to Plaintiff's First Cause of Action for Breach of Contract and Plaintiff Peggy Foraker's Motion (#283) for Partial Summary Judgment on Breach of Contract, Attorney Fees, Expert Costs, and Prejudgment Interest, including for partial final judgment on Claim One pursuant to Federal Rule of Civil Procedure 54(b).

For the reasons that follow, the Court **GRANTS** Defendant's Motion (#274) for Summary Judgment as to Plaintiff's First Cause of Action for Breach of Contract and **DENIES** Plaintiff's Motion (#283) for Partial Summary Judgment on Breach of Contract, Attorney Fees, Expert Costs, and Prejudgment Interest.

## BACKGROUND

The following facts are undisputed and taken from the record on summary judgment:[1]

### I.  Factual Background

Plaintiff was injured in a two-car automobile collision on January 4, 2012, when Plaintiff's car was struck by the car that Adrian Neira, an uninsured motorist, was driving.  At the time of the collision Neira was fleeing police and driving the wrong way down a one-way street.

Defendant insured Plaintiff and her automobile under an insurance policy that provided $50,000 in "Additional Personal Injury Protection" (PIP), $100,000 on Medical Payments (MedPay), and $1,000,000 in Uninsured Motorist (UM) benefits.  As noted, Neira was uninsured.

On January 5, 2012, Plaintiff reported the accident to Defendant and made PIP and MedPay claims.  Plaintiff later made a UM claim. Defendant accepted coverage under PIP and MedPay and between February 6, 2012, and February 20, 2013, Defendant paid

---

[1] In her Opposition (#289) to Defendant's Motion for Summary Judgment Plaintiff moves to strike various exhibits and factual materials filed by Defendant on summary judgment on the basis that those materials are not relevant to the legal analysis as to Claim One.  The mere fact that portions of the summary-judgment record may not be material to the ultimate legal analysis, however, is not a basis to strike those materials from the record.  Instead the Court disregards or gives little weight to such material as described herein.  Accordingly, the Court denies Plaintiff's Motion to Strike presented in her Opposition to Defendant's Motion for Summary Judgment.

$159,329.76 to Plaintiff for covered medical expenses under the PIP and MedPay portions of the policy.  On February 20, 2013, Defendant advised Plaintiff and her medical providers that Defendant's payments exhausted the limits of Plaintiff's MedPay and PIP coverages.

On April 8, 2013, Plaintiff made a policy-limits demand for $1,000,000.00, the full amount of the UM coverage, and the parties engaged in extensive negotiations regarding the UM claim. On May 30, 2013, the parties agreed to an open extension of the time limit by which Defendant was required to respond to Plaintiff's policy-limits demand for UM coverage.

On November 14, 2013, Defendant offered to resolve Plaintiff's UM claim by paying $250,000.00, but Plaintiff did not accept this offer.  As noted below, Plaintiff initiated this litigation approximately four weeks later.

## II.  **Procedural Background**

Plaintiff filed this action in Multnomah County Circuit Court on December 16, 2013, and Defendant removed it to this Court on January 16, 2014.

In her original Complaint, Plaintiff asserted three claims against Defendant:  Plaintiff alleges Defendant breached the insurance contract by refusing to make payments under the UM coverage (Claim One); Plaintiff alleges Defendant's refusal to pay UM benefits violated the Elderly Persons and Person with

Disabilities Abuse Prevention Act, Oregon Revised Statutes
§ 124.005, *et seq.* (Claim Two); and Plaintiff alleges Defendant's
actions in denying benefits under the UM coverage breached
Defendant's contractual implied covenant of good faith and fair
dealing (Claim Three).

On April 23, 2014, the Court dismissed without prejudice
Claim Two as premature and with leave to amend if and when the
amount of money that Defendant owes to Plaintiff is actually
determined. On August 28, 2014, the Court bifurcated the
proceedings to allow the parties to litigate Plaintiff's Claim
One to conclusion before litigating Claim Three.

After an eight-day bench trial the Court found the
negligence of Neira, the uninsured driver of the other vehicle,
caused Plaintiff personal injuries. In particular, the Court
found Plaintiff incurred economic damages in the amount of
$1,172,338.04 and noneconomic damages in the amount of
$750,000.00 as a result of Neira's negligence. On February 19,
2016, Defendant paid to Plaintiff the $1,000,000.00 UM policy
limit.


### STANDARD

Summary judgment is appropriate when there is not a "genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving

party must show the absence of a genuine dispute of a material
fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th
Cir. 2005). *See also Emeldi v. Univ. of Or.,* 673 F.3d 1218, 1223
(9th Cir. 2012). In response to a properly-supported motion for
summary judgment, the nonmoving party must go beyond the
pleadings and point to "specific facts demonstrating the
existence of general issues for trial." *In re Oracle Corp. Sec.
Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). "This burden is not a
light one . . . . The non-moving party must do more than show
there is some 'metaphysical doubt' as to the material facts at
issue." *Id.* (citation omitted).

A dispute as to a material fact is genuine "if the evidence
is such that a reasonable jury could return a verdict for the
nonmoving party." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495,
497 (9th Cir. 2015)(quoting *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 248 (1986)). The court must draw all reasonable
inferences in favor of the nonmoving party. *Sluimer v. Verity,
Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "If conflicting
inferences may be drawn from the facts, the case must go to the
jury" and summary judgment cannot be granted. *Torres v. City of
Los Angeles*, 548 F.3d 1197, 1206 (9th Cir. 2008)(quoting *LaLonde
v. County of Riverside*, 204 F.3d 947, 959 (9th Cir.2000)).

A "mere disagreement or bald assertion" that a genuine
dispute as to a material fact exists "will not preclude the grant

of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). *See also Moore v. Potter*, 701 F. Supp. 2d 1171 (D. Or. 2010). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*


## DISCUSSION

As noted, the parties have filed Cross-Motions for Summary Judgment on Claim One in which they each contend the Court must issue summary judgment in their favor as a result of the Court's Verdict (#237).

Defendant asserts the undisputed factual record requires the Court to find Defendant did not breach the insurance contract because Defendant did not deny Plaintiff's UM claim and because it paid the $1,000,000.00 policy limit shortly after the Court

determined Plaintiff suffered damages in excess of that limit. In addition, Defendant contends because the insurance contract specifically contemplated the adjudication of any disagreement between the insurer and the insured regarding the amount of damages and because the parties' disagreement about the nature and extent of Plaintiff's damages was not resolved until the Court returned its Verdict, Defendant did not breach the contract when it waited until after the Court's Verdict to pay the full amount of the policy limit.  Defendant, therefore, contends it did not breach the insurance contract and, therefore, it is entitled to summary judgment on Claim One.

Plaintiff, on the other hand, contends Defendant's failure to accept Plaintiff's UM claim and to pay the $1,000,000.00 policy limit before Plaintiff filed this action constitutes a breach of the insurance contract.  As a result, Plaintiff contends she is entitled to summary judgment on Claim One; a declaration that Defendant breached the insurance contract; prejudgment interest in the amount of $258,169.26, plus $63.65 per day from February 19, 2016; attorneys' fees pursuant to Oregon Revised Statute § 742.061; and an award of expert costs. Plaintiff also seeks a partial, "final" judgment on Claim One pursuant to Federal Rule of Civil Procedure 54(b).

I.   **Breach-of-Contract Claim**

The UM policy provides Defendant:

> will pay compensatory damages which [Plaintiff] is
> legally entitled to recover from the owner or operator
> of an uninsured motor vehicle because of:
>
>> 1.    Bodily injury sustained by [Plaintiff] and
>>       caused by an auto accident; and
>>
>> 2.    [Property damage] caused by an accident if
>>       the Declarations indicates that [property
>>       damage] UM Coverage applies.

Statement of Agreed Material Facts (#272), Ex. A at 24.  The only

portion of the UM policy that relates to resolving disagreements

among the parties as to UM coverage or the amount of damages

provides:

> If [Defendant] and [Plaintiff] disagree as to:
>
>> 1.    Whether the covered person is legally
>>       entitled to recover damages from the owner or
>>       operator of an uninsured motor vehicle; or
>>
>> 2.    The amount of damages that the covered person
>>       is legally entitled to collect from that
>>       owner;
>
> then, that disagreement may be arbitrated, provided
> both parties so agree to the arbitration and agree to
> be bound by the results of the arbitration.  However,
> disagreements concerning coverage under this Part may
> not be arbitrated.

Statement of Agreed Material Facts (#272), Ex. A at 26.

    "[U]nder well-established principles of contract law, a

contract action cannot be maintained . . . until the contract has

been breached." *Vega v. Farmers Ins. Co. of Oregon*, 323 Or. 291,

296 (1996).  An insurer breaches the insurance contract "when the

insurer denies a claim for UM/UIM benefits, thereby refusing to

honor a promise to pay such benefits." *Id.  See also Pritchard*

9 - OPINION AND ORDER

*v. Regence Bluecross Blueshield of Oregon*, 225 Or. App. 455, 460
(2009). As noted, the UM policy in this case imparts on
Defendant the duty to pay Plaintiff's UM claim in the event
Plaintiff would be entitled to recover from an uninsured motorist
compensatory damages caused by an automobile accident. Thus,
under *Vega* if Defendant breached its duty to pay Plaintiff's UM
claim as she asserts, that breach could only occur when Defendant
denied Plaintiff's UM claim in whole or in part.

As noted, it is undisputed that on May 30, 2013, the parties
agreed to an open extension of time in which Defendant was
required to respond to Plaintiff's policy-limits demand for UM
coverage. It is also undisputed that on November 14, 2013,
Defendant offered to resolve Plaintiff's UM claim by paying
$250,000.00, but Plaintiff did not accept that offer and instead
filed this action on December 16, 2013. Moreover, the parties
did not invoke the arbitration provision in the UM policy.

Plaintiff, however, does not point to any portion of the
record that establishes either as a matter of undisputed fact or
creates a genuine issue of material fact as to whether Defendant
actually denied Plaintiff's UM claim in whole or in part in
violation of the policy terms. Instead the record indicates
Plaintiff and Defendant were actively engaged in negotiating
Plaintiff's UM claim from April 8, 2013, until December 16, 2013,
when Plaintiff filed this action. In particular, because

10 - OPINION AND ORDER

Plaintiff and Defendant agreed to an open-ended extension of time
for Defendant to respond to Plaintiff's policy-limits UM demand,
Plaintiff fails to establish as a matter of fact or law that
Defendant denied her UM policy-limits claim when it failed to pay
the policy limit before Plaintiff filed this action.  Instead, by
filing this action in December 2013, the Court concludes
Plaintiff effectively short-circuited the claims process before
the expiration of the open-ended time extension for Defendant to
state a final position on Plaintiff's policy-limits demand for UM
coverage.

In its February 3, 2016, Verdict, the Court resolved the
disputed issues arising from the unresolved claims in that
process by finding the damages caused by Neira exceeded the
policy limit.  That Verdict, however, did not establish any
breach of the insurance contract.  Accordingly, although the
parties now agree Defendant was required to pay the full limit of
the UM claim upon receiving the Court's Verdict, Defendant did
not breach the contract because it did not deny Plaintiff's UM
claim in whole or part and because Defendant has now paid the
$1,000,000.00 UM policy limit.

On this record, therefore, the Court grants Defendant's
Motion for Summary Judgment as to liability on Claim One and
denies Plaintiff's Motion for Summary Judgment as to liability on
Claim One.  For the same reasons, the Court denies Plaintiff's

11 - OPINION AND ORDER

request for a partial final judgment as to Claim One under Rule 54(b).

## II.  **Prejudgment Interest**

Plaintiff moves for an order granting prejudgment interest in the amount of $258,169.26, plus $63.65 per day from February 19, 2016.  Defendant, on the other hand, contends Plaintiff is not entitled to prejudgment interest because Defendant did not breach the contract; the insurance policy does not provide for the payment of any prejudgment interest; and, in any event, prejudgment interest is inappropriate under Oregon law because the exact amount and the time from which interest would accrue are not "ascertained or easily ascertainable."  *See, e.g.,* *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1257 (D. Or. 2013)(citing *Farhang v. Kariminaser*, 230 Or. App. 554, 556 (2009)).

Plaintiff is not entitled to prejudgment interest under the breach-of-contract theory underlying Plaintiff's Claim One because, as noted, the Court has determined Defendant is entitled to summary judgment as to Claim One.  In any event, there is not any authority in the UM policy that authorizes an award of prejudgment interest when the Court has granted summary judgment as to Claim One in favor of Defendant.

Accordingly, on this record the Court concludes Plaintiff is not entitled to prejudgment interest as to Claim One.

## III. **Attorneys' Fees**

The parties agree Plaintiff is entitled to attorneys' fees pursuant to Oregon Revised Statute § 742.061.  The parties disagree, however, regarding the extent of attorney services for which Plaintiff may recover attorneys' fees under § 742.061 for her Claim One.

The Court concludes the parties' dispute in this respect is premature.  Although the parties are correct that attorneys' fees pursuant to § 742.061 apply only to the litigation of Claim One, the Court concludes the issue of attorneys' fees as to Claim One is likely to overlap with similar issues in the event that Plaintiff prevails on the remaining claims.  The Court, therefore, concludes Plaintiff's current claim for attorneys' fees should be resolved in the ordinary course after entry of a final judgment that resolves all of the issues in this litigation.

## IV. **Expert-Witness Fees**

In a Request for Admissions Plaintiff requested Defendant admit the automobile accident that gave rise to this case caused 41 different medical conditions.  Plaintiff moves for expert-witness fees under Federal Rule of Civil Procedure 37(c)(2) on the basis that Defendant's failure to admit any medical conditions were caused by the automobile accident required Plaintiff to call expert witnesses at trial in order to establish

causation.

Rule 37(c)(2) provides:

> (2) Failure to Admit.  If a party fails to admit what
> is requested under Rule 36 and if the requesting party
> later proves a document to be genuine or the matter
> true, the requesting party may move that the party who
> failed to admit pay the reasonable expenses, including
> attorney's fees, incurred in making that proof.  The
> court must so order unless:
>
>> (A)  the request was held objectionable under Rule
>> 36(a);
>>
>> (B)  the admission sought was of no substantial
>> importance;
>>
>> (C)  the party failing to admit had a reasonable
>> ground to believe that it might prevail on
>> the matter; or
>>
>> (D)  there was other good reason for the failure
>> to admit.

At trial the Court heard a significant amount of contested
medical testimony from both sides regarding the many medical
conditions that Plaintiff alleged were caused by the automobile
accident, including significant disputed evidence as to a
hydrocephalus condition that caused the majority of Plaintiff's
damages and a cervical-spine injury that required significant
treatment, including surgery.  Indeed, of the $372,338.04 that
the Court found Plaintiff incurred in past medical expenses,
$307,600.20 were incurred to treat Plaintiff's hydrocephalus and
cervical-spine injury.

Although the Court ultimately concluded Plaintiff had proven
causation and damages in the amounts included in the Verdict,

14 - OPINION AND ORDER

that finding was made only by a preponderance of the evidence and
in the face of credible evidence to the contrary presented by
Defendant.   In fact, the Court noted at the end of trial:

> Literally, this record is capable of variety of factual
> conclusions; none of which could be overturned by an
> appellate court because there is factual support for
> the theories both sides are advancing.   I'm not saying
> that as a threat or as an incentive but an observation.

Tr. of Proceedings (#262) at 12.   Thus, as to Plaintiff's
hydrocephalus and cervical-spine injury, the Court concludes
Defendant "had a reasonable ground to believe that it might
prevail on the matter."   *See* Fed. R. Civ. P. 37(c)(2)(C).

To the extent that Plaintiff seeks expert-witness fees as a
result of Defendant's refusal to admit the accident caused the
other 39 conditions, the Court declines to issue such fees
because the vast majority (if not all) of the expert testimony at
trial related to Plaintiff's hydrocephalus and cervical-spine
injury and, therefore, "the admission[s] sought was of no
substantial importance."   *See* Fed. R. Civ. P. 37(c)(2)(B).

Accordingly, on this record the Court denies Plaintiff's
request for expert-witness fees.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion
(#274) for Summary Judgment as to Plaintiff's First Cause of
Action for Breach of Contract; **DENIES** Plaintiff's Motion (#283)

15 - OPINION AND ORDER

for Partial Summary Judgment on Breach of Contract, Attorney

Fees, Expert Costs, and Prejudgment Interest; and **DENIES**

Plaintiff's request for a partial final judgment on Claim One

pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED.

DATED this 14th day of October, 2016.


ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER