IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PEGGY FORAKER,                                3:14-cv-00087-BR

          Plaintiff,                          OPINION AND ORDER

v.

USAA CASUALTY INSURANCE
COMPANY,

          Defendant.


**HEATHER A. BRANN**
P.O. Box 11588
Portland, OR 97211
(503) 490-6563

**STEPHEN C. HENDRICKS**
Hendricks Law Firm, PC
1425 S.W. 20th Avenue, Suite 201
Portland, OR 97201
(503) 241-5629

          Attorneys for Plaintiff

**JOSHUA N. KASTAN**
**ROBERT S. MCLAY**
Hayes Scott Bonino Ellingson & McLay, LLP
203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065
(650) 637-9100

**MATTHEW C. CASEY**
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
(503) 499-4478

          Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on this judicial officer's *sua sponte* advisory to the parties regarding this judicial officer's ability to serve as a factfinder in a Phase II trial and Defendant USAA Casualty Insurance Company's Motion (#316) Requesting Judicial Recusal for All Purposes and Complete Reassignment.

For the following reasons this judicial officer (1) *sua sponte* **RECUSES** herself from any further consideration of Phase II issues, (2) **DENIES** Defendant's Motion (#316) Requesting Judicial Recusal for All Purposes and Complete Reassignment on the basis presented by Defendant, (3) requests the Clerk of Court to reassign this case to another judicial officer, and (4) stands by to dispose of any remaining Phase I issues if and when directed to do so by the newly-assigned judge.

## BACKGROUND

By Order (#73) issued August 28, 2014, the Court bifurcated these proceedings into two Phases.  In Phase I the Court would resolve Plaintiff's Claim One (a breach-of-contract claim based on Defendant's failure to pay the full $1,000,000.00 policy limit under Plaintiff's uninsured motorist (UM) insurance policy) and in Phase II the Court would resolve Plaintiff's Claim Three (a claim for breach of the covenant of good faith and fair dealing).

2 - OPINION AND ORDER

On January 14, 2015, the parties stipulated to a waiver of the right to trial by jury and consented to a bench trial.  *See* Stipulation to Bench Trial and Waiver of Right to Trial by Jury (#95).

After a Phase I bench trial that concluded on February 3, 2016, the Court found the automobile accident that was the subject of Plaintiff's uninsured motorist (UM) claim caused Plaintiff to incur damages in the amount of $1,922,338.04, and, therefore, Plaintiff was entitled to the full UM policy limit. By Opinion and Order (#315) issued October 14, 2016, however, the Court concluded Defendant was entitled to summary judgment on Claim One because (1) Defendant had not denied Plaintiff's UM claim in full or in part at the time that Plaintiff instituted this action, and, therefore, Defendant did not breach the UM insurance contract and (2) Defendant timely tendered the full amount of the policy limit after the Court determined the damages incurred by Plaintiff exceeded that limit.

In their memoranda regarding Defendant's Motion (#274) for Summary Judgment as to Plaintiff's First Cause of Action for Breach of Contract the parties agreed Plaintiff was, nonetheless, entitled to recover attorneys' fees for at least some portion of Plaintiff's Claim One pursuant to Oregon Revised Statute § 742.061.  At that time the Court concluded Plaintiff's claim for attorneys' fees as to Claim One should "be resolved in the

3 - OPINION AND ORDER

ordinary course after entry of a final judgment that resolves all

of the issues in this litigation."  Opin. and Order (#315) at 13.

As noted in Exhibit A of the Declaration of Robert S. McLay

(#317), and ahead of a discovery conference to be held on

October 12, 2016, the Court emailed the parties on the morning of

October 12, 2016, as follows:

> Dear Counsel:
>
> Thank you for adjusting your schedules to postpone the
> beginning of our discovery conference this afternoon to
> 1:30 p.m.
>
> Before we address the merits of those disputes, I want
> to discuss with you this afternoon my growing concern
> that I may no longer be able to serve both as the
> pretrial/trial judge and as the trier-of-fact for the
> Phase II issues and remaining proceedings in this case.
> In particular, I am concerned that I have been exposed
> to so much of the evidence and arguments surrounding
> claims-handling issues that it could be difficult for
> me to resolve the ultimate Phase II factual disputes
> without that wide exposure potentially affecting my
> impartiality.
>
> Before I take any steps to recuse myself from the
> fact-finding duties in this case (which would mean
> there would either be a jury trial for Phase II at
> which I would preside or a reassignment of the case to
> another judge for all purposes including a Phase II
> trial to the court), I ask that the parties consider
> agreeing to participate in yet another settlement
> conference but, this time, I would serve as the
> facilitator with all of the knowledge and experience I
> already have from my exposure to date to the evidence,
> the issues, and all of the participants in the case.
>
> * * *
>
> If the parties are willing to pursue that option, there
> is at least a chance the entire case could be concluded
> before year end. If the parties are not interested in
> such an approach, then I likely will proceed to recuse

4 - OPINION AND ORDER

> myself from the Phase II fact-finding trial functions,
> and we will need to consider whether another judge
> needs to become involved in the case.
>
> I look forward to discussing with you these concerns at
> the beginning of our 1:30 p.m. conference and then
> turning to discussion and resolution of the discovery
> disputes.
>
> Thank you,
> Judge Brown

At the discovery conference on that day the Court stated:

> I communicated to counsel this morning that because of
> the ongoing issues in the case and my need to get
> involved at a level that I've been involved with
> respect to so many disputes, including the current
> range of discovery disputes, that I'm beginning to
> question whether I am in a position to fulfill the
> obligation of being both the presiding judge and the
> trier of fact, to the extent there are Phase II issues.
>
> I communicated to counsel that I am of the mind that I
> likely need to recuse myself with respect to being the
> trier of fact.  And that would mean either that there
> would need to be a jury trial on these Phase II issues
> when they're ripe and ready for trial or, to the extent
> the parties continued to want to waive a jury trial for
> whatever reasons motivated them to do it in the first
> place, then the matter would have to be reassigned in
> its entirety to another judge.
>
> So I've made that disclosure, and I think that . . . is
> something the parties need to expect.  That I am not
> going to be the trier of fact.  The more I think about
> this, the more I realize that you've exposed me to so
> many issues that it's very hard for me to predict that
> I could litigate whatever factual disputes end up being
> resolvable in a trial.  That is to say, who to believe
> and what to believe and how much weight to assign to it
> relative to this claims handling conduct that is still
> so hotly contested that I just don't think I can do
> that.
>
> Now, that doesn't mean I can't continue to deal with
> the legal issues and to preside at a trial where a jury
> decides whatever issues need to be, and that decision

doesn't need to be today.  That can continue into the
future.

Tr. of Proceedings at 4-5.


## DISCUSSION

### I.  Court's *Sua Sponte* Recusal for Phase II

As indicated in the Court's email to the parties and at the
October 12, 2016, discovery conference, this judicial officer's
exposure to varied issues in this case since the return of the
Phase I verdict has caused this officer to conclude she is unable
to serve as a factfinder in Phase II of this ongoing litigation.
Considering all of the circumstances, the Court finds the most
efficient method of proceeding forward is for this matter to be
reassigned in its entirety to another judicial officer.

Accordingly, this judicial officer *sua sponte* **RECUSES**
herself from any consideration of Phase II issues and requests
the Clerk of Court to reassign this case to another judicial
officer.  The Court, however, leaves undisturbed its previous
Orders relating to Phase II, including the Court's Order (#318)
in which it authorizes Plaintiff to take depositions of
individuals with personal knowledge of Defendant's efforts to
locate and to produce additional disputed documents in discovery.
In addition, this judicial officer will stand by to resolve any
additional Phase I legal issues that may arise in the future

6 – OPINION AND ORDER

(including Phase I attorneys' fees) as and when directed to do so by the judicial officer to whom this case is reassigned.

## II.    **Defendant's Motion (#316) Requesting Judicial Recusal for All Purposes and Complete Reassignment**

In its Motion Defendant requests this judicial officer to recuse herself from the case in its entirety on the basis that "[r]ecent comments by Hon. Judge Brown before and at the October 12, 2016[,] discovery conference have raised significant questions as to her ability to remain impartial, not only as the trier of fact but also as the decider of law in this matter." Def.'s Mot. (#316) at 2.  Defendant moves to disqualify this judicial officer pursuant to 28 U.S.C. § 455(a).

Section 455(a) provides:  "Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."

Defendant specifically contends "the Court's e-mail to the parties of October 12, 2016[,] and the Court's own comments on the record at the discovery conference that same day would not only cause a reasonable person to conclude that the court's impartiality is reasonably questioned, but by the Court's own words expressly calls impartiality into doubt."  Def.'s Mot. (#316) at 5.  Defendant does not indicate any other basis for recusal.

Defendant, however, misrepresents the record.  The Court's

7 - OPINION AND ORDER

statements did not in any way suggest this judicial officer is incapable of fairly and impartially conducting pretrial proceedings or presiding over a jury trial.  The nature of the Court's clearly-stated concern about continuing to serve as a factfinder during the Phase II trial of Plaintiff's claim for breach of the covenant of good faith and fair dealing was that this judicial officer has been exposed to such a vast spectrum of information through the course of this litigation (for example, the adjudication of the parties' numerous Phase I discovery disputes) that it would be difficult for this judicial officer to serve as a neutral factfinder in the anticipated Phase II trial in which the contested admissible evidence could involve potentially prejudicial material evaluated in the course of resolving the many discovery disputes during Phase I.  This judicial officer, however, does not, in fact, hold any bias in favor of or against any party that would call into question her impartiality as to legal issues.  Defendant's contention, therefore, that the Court's comments raised "significant questions as to [this judicial officer's] ability to remain impartial, not only as the trier of fact but also as the decider of law in this matter" is not supported by the record or any reasonable interpretation thereof.

Together with the Court's statement of concern about serving as a factfinder in the upcoming trial, the Court offered to

8 - OPINION AND ORDER

assist the parties in further settlement negotiations.  In the
course of this nearly three-year-old litigation (which has become
increasingly litigious over time), the Court has attempted to
assist the parties in settling this case that has become
unnecessarily complex.  Although there were difficult factual
issues of medical causation underlying Phase I, the remaining
legal claims are, in fact, relatively straightforward.
Nonetheless, resolution of this litigation has been substantially
complicated in large part by the manner in which both parties
have conducted this case.

The Court made clear to the parties at the October 12, 2016,
discovery conference that this judicial officer's recusal from
the role of factfinder at a Phase II trial needed to be addressed
either in terms of reassignment to another judicial officer for
all purposes or modification of the parties' jury waiver to allow
a jury to be the Phase II factfinder without reassignment.
Rather than wait for that issue to be considered further by the
Court and the parties together, Defendant preempted that
discussion and filed this Motion.  As noted, the Court finds
Defendant's Motion is not supported by any reasonable
interpretation of the record and, therefore, is a wasteful,
counterproductive response to this judicial officer's attempt to
assist the parties in resolving this protracted litigation.

Although this judicial officer recuses herself from Phase II

of these proceedings for the reasons stated on her own motion,
the Court emphasizes Defendant's meritless Motion does not
provide any basis for this judicial officer to recuse herself on
the basis that Defendant asserts.

Accordingly, on this record the Court **DENIES** Defendant's
Motion (#316) Requesting Judicial Recusal for All Purposes and
Complete Reassignment.

## CONCLUSION

For the following reasons this judicial officer (1) *sua
sponte* **RECUSES** herself from any further consideration of Phase II
issues, (2) **DENIES** Defendant's Motion (#316) Requesting Judicial
Recusal for All Purposes and Complete Reassignment on the basis
presented by Defendant, (3) requests the Clerk of Court to
reassign this case to another judicial officer, and (4) stands by
to dispose of any remaining Phase I issues if and when directed
to do so by the newly-assigned judge.

IT IS SO ORDERED.

DATED this 4th day of November, 2016.


/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge



10 - OPINION AND ORDER