IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PEGGY FORAKER**, | Case No. 3:14-cv-87-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **USAA CASUALTY INSURANCE COMPANY**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Peggy Foraker ("Foraker") moves for a supplemental award of attorney's fees to recover time spent litigating her right to recover attorney's fees and obtain a fee multiplier. Defendant USAA Casualty Insurance Company ("USAA"), objects, arguing that Foraker should have requested these fees in her original fee motion, is essentially seeking a reconsideration of the Court's original fee award, fails to show that the requested fees were reasonably and necessarily incurred because Foraker offers no expert testimony supporting the fee request, and that if the Court were to award any fees, the Court should not include the 1.5 multiplier that it included in the original fee award.

It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v.*

*Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996). Thus, Foraker's motion is granted. Although some of the time incurred was before Foraker filed her first motion for attorney's fees, the Court rejects USAA's argument that time must have been included in Foraker's original motion. USAA cites to no legal authority holding that a party must include in a fee motion time spent to date preparing the fee petition. Had Foraker done so, she would then have had to add in her reply an additional request for all the time spent after the filing of her original motion (of which there was time spent on, for example, a motion to compel and the reply itself). USAA likely would have then requested a surresponse to respond to that fee request, triggering a surreply by Foraker and additional fees. Waiting until after the Court resolved the underlying fee motion and then separately requesting fees for the petition itself was entirely reasonable.

The Court also rejects USAA's argument that Foraker is moving for reconsideration of the Court's previous order. Foraker is simply asking for attorney's fees for time spent on her fee application. The Court further rejects USAA contention that Foraker was required to submit expert testimony to support this fee request. The Court is capable of reviewing the request to determine the reasonableness of the hours.

USAA does not object to any specific time entries. USAA does note generally that Foraker fails to demonstrate that it was reasonable and necessary to have two attorneys working on the briefing relating to the lodestar multiplier, to have "multiple, lengthy, internal conversations," or to have conversations regarding the distribution of "trust money." The Court has reviewed the time entries submitted. The Court finds some time entries are not compensable because they are administrative (*e.g.*, email regarding difficulties uploading declarations and exhibits; email reviewing expert's bill; emails regarding changing Court telephone conference time from 3pm to 4pm; review ECF notices; emails regarding scheduling availability) or

irrelevant (*e.g.*, telephone call with client regarding Medicare lien and "MSA"[1]; email an attorney as a resource for client; emails, telephone calls, and letters regarding disbursing trust account money to client). The Court also has concerns with some duplicative effort between Ms. Brann and Mr. Hendricks, although the Court accepts that having two attorneys work on this case and on a fee petition of this size is not unreasonable. The Court also accepts that the issue of a fee multiplier was not simple and involved both legal and factual issues.

Considering all of the appropriate factors and the concerns noted above, the Court uses its discretion to impose a 10 percent "haircut" from the requested fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) ("'[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.'" (alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008))). Accordingly, Foraker's request of fees in the amount of $35,680 is reduced to $32,112. The Court does, however, apply the 1.5 multiplier, resulting in total fees of $48,168.

## CONCLUSION

Plaintiff Peggy Foraker's Motion for Supplemental Attorney's Fees (ECF 403) is GRANTED IN PART. Plaintiff is awarded $48,168 in supplemental attorney's fees.

**IT IS SO ORDERED**.

DATED this 17th day of October, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] It is unclear what "MSA" is referring to, but possibly means "medical savings account." Regardless, it is not relevant to the fee petition.