IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PEGGY FORAKER**, <br><br> Plaintiff, <br><br> v. <br><br> **USAA CASUALTY INSURANCE COMPANY**, <br><br> Defendant. | Case No. 3:14-cv-87-SI <br><br> **OPINION AND ORDER** |

Stephen Hendricks, HENDRICKS LAW FIRM, 30088 SW Egger Rd., Hillsboro, OR 97213; Heather A. Brann, HEATHER A. BRANN, ATTORNEY AT LAW, P.O. Box 11588, Portland, OR 97211. Of Attorneys for Plaintiff.

Robert S. McLay and Joshua N. Kastan, DKM LAW GROUP, LLP, 535 Pacific Avenue, Suite 101, San Francisco, CA, 94133; Matthew C. Casey, BULLIVANT HOUSER BAILEY, PC, 300 Pioneer Tower, 888 SW Fifth Avenue, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Peggy Foraker ("Foraker") moves for summary judgment on her claim for breach of the implied covenant of good faith and fair dealing. Defendant USAA Casualty Insurance Company ("USAA") responds that Foraker's motion is not supported by the facts of this case, the Court's earlier rulings in this case, or Oregon law. For the following reasons, Plaintiff's motion is denied.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

**A. Summary Judgment**

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

**B. Good Faith and Fair Dealing**

In Oregon, "[t]he law imposes a duty of good faith and fair dealing in the performance and enforcement of every contract." *Hampton Tree Farms, Inc. v. Jewett*, 320 Or. 599, 615 (1995). The duty of good faith and fair dealing effectuates the reasonable contractual expectations of the parties. *See Best v. U.S. Nat'l Bank*, 303 Or. 557, 565 (1987). The purpose of the duty "is to prohibit improper behavior in the performance and enforcement of contracts, and to ensure that the parties 'will refrain from any act that would have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Klamath Off-Project Water Users, Inc. v. Pacificorp*, 237 Or. App. 434, 445 (2010) (quoting *Iron Horse Engineering*

*v. Northwest Rubber*, 193 Or. App. 402, 421 (2004)). A party may violate the covenant of good faith and fair dealing without breaching the express terms of the contract. *Id.* The covenant, however, "'cannot contradict an express contractual term, nor otherwise provide a remedy for an unpleasantly motivated act that is expressly permitted by the contract.'" *Id.* (quoting *Zygar v. Johnson*, 169 Or. App. 638, 645 (2000).

Although a breach of contract claim and a claim for a breach of the covenant of good faith and fair dealing are related, each is distinct. *See Morrow v. Red Shield Ins. Co.*, 212 Or. App. 653, 663 (2007) (holding that the insurer was entitled to summary judgment on the plaintiffs' breach of contract claim but allowing a breach of the duty of good faith and fair dealing claim based on the same facts to proceed to trial); *Veloz v. Foremost Ins. Co. Grand Rapids, Michigan*, 306 F. Supp. 3d 1271, 1281 (D. Or. 2018) (stating that "[t]he law should not allow every breach of contract, even those accidental, inadvertent, or caused by honest mistake to deliver to plaintiff a successful additional claim for the breach of the duty of good faith."). The implied duty of good faith in the performance of a contract cannot "contradict an express contractual term or otherwise provide a remedy for an unpleasantly motivated act that is expressly permitted by the contract." *Glob. Exec. Mgmt. Sols.*, *Inc. v. Int'l Bus. Machs. Corp.*, 260 F. Supp. 3d 1345, 1377 (D. Or. 2017) (quotation marks omitted).

**BACKGROUND**

Foraker was injured in a two-car collision on January 4, 2012. The driver who collided with Foraker was uninsured. USAA insured Foraker with a policy that provided $50,000 in Additional Personal Injury Protection ("PIP"), $100,000 in Medical Payments ("MedPay"), and $1,000,000 in Uninsured Motorist ("UM") benefits. By February, 2013, USAA paid Foraker $159,329.76 for PIP and MedPay coverage.

On April 8, 2013, Foraker demanded the UM policy limit of $1,000,000. The parties negotiated and on May 30, 2013, agreed to some type of "open extension" of time for USAA to respond to Foraker's demand. USAA's UM adjuster, Sue LeClair, assessed the value of Foraker's claim at $1,000,000. LeClair requested settlement authority of $800,000,000 to $1,000,000. USAA's "large loss" committee denied LeClair's request on July 24, 2013. USAA also sought additional review of Foraker's medical records. On September 19, 2013, LeClair requested settlement authority of $500,000. On November 14, 2013, USAA offered Foraker $250,000 to resolve the UM claim. Foraker rejected the offer and timely sued USAA in state court shortly before the expiration of the two-year statute of limitations. USAA removed the action to federal court, asserting diversity jurisdiction. The case was assigned to U.S. District Judge Anna Brown.

Foraker asserted three claims against USAA, alleging that: (1) USAA's refusal to make payments under the UM coverage breached the insurance contract; (2) USAA's refusal to pay UM benefits violated the Elderly Persons and Persons with Disabilities Abuse Prevention Act; and (3) USAA breached the implied covenant of good faith and fair dealing in its handling of UM coverage. Judge Brown dismissed Plaintiff's claim for abuse of a vulnerable person without prejudice and bifurcated this case. Judge Brown first found that the other driver was liable as a matter of law. Judge Brown next held an eight-day bench trial from January 25 to February 3, 2016. Judge Brown found that the other driver's negligence was a substantial contributing factor that caused Foraker's injuries and awarded Foraker $1,172,338.04 in economic damages and $750,000.00 in non-economic damages. On February 19, 2016, USAA paid Foraker $1 million, which was the policy limit of her UM coverage.

The parties cross-moved for summary judgment on Foraker's claim of breach of express contract. Judge Brown granted USAA's motion, finding that because Foraker had given USAA an "open-ended" period of time to consider Foraker's demand and USAA had not yet completed its decision relating to Foraker's demand or actually denied her UM claim when Foraker filed her lawsuit, and because USAA promptly paid the $1 million after the bench trial, USAA had not breached the parties' contract.

On November 4, 2016, Judge Brown *sua sponte* recused herself from the remainder of this case. On November 8, 2016, the lawsuit was reassigned to the undersigned district judge. At that time, Defendant's motion for summary judgment on Plaintiff's implied covenant claim, Plaintiff's fourth motion to compel, and Plaintiff's motion for clarification and to enforce stipulation were outstanding. On December 14, 2016, the Court held a telephone conference with the parties, denied all pending motions without prejudice, ordered the parties to brief certain legal issues, and scheduled a jury trial for June 5, 2017, to resolve all remaining claims.

On March 23, 2017, the Court held that Foraker may seek noneconomic damages for her claim of breach of the implied covenant of good faith and fair dealing if she properly alleges and proves physical injury resulting from USAA's alleged breach, denied Foraker's motion to reinstate her claim of financial abuse of a vulnerable person, and granted Foraker leave to file a Second Amended Complaint. Foraker filed her Second Amended Complaint on April 21, 2017. In her Second Amended Complaint, Foraker asserted her original three claims[1] and added two new claims: a claim for declaratory relief and money judgment for uninsured motorist benefits

---

[1] Foraker included her dismissed claims pursuant to the "*Forsyth*" rule, which arose from *Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir. 1997). This rule required that dismissed claims, including claims dismissed with prejudice, be realleged in any subsequent complaint or a plaintiff waived on appeal the right to allege error from the district court's dismissal of those claims. The Ninth Circuit, however, abrogated the *Forsyth* rule in *Lacey v. Maricopa Cty.*, 693 F.3d 896, 925-28 (9th Cir. 2012), except for voluntarily dismissed claims.

and a common law negligence *per se* claim for negligent performance of an insurance contract. USAA successfully moved to dismiss the two new claims.

## DISCUSSION

Foraker asserts that a violation of Oregon Revised Statutes (hereinafter "O.R.S.") § 746.230(1)(g) is a *per se* breach of the implied covenant of good faith and fair dealing. This provision states: "No insurer or other person shall commit or perform any of the following unfair claim settlement practices . . . . (g) Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants." O.R.S. § 746.230(1)(g). Foraker argues that USAA's (or any insurer's) conduct is irrelevant to this determination.

Foraker contends that USAA compelled her to initiate litigation to recover amounts due because USAA did not make a reasonable settlement offer before the statute of limitations was about to expire and the $250,000 that USAA offered before litigation was substantially less than the $1,000,000 Foraker recovered at trial. Thus, argues Foraker, the elements of § 746.230(1)(g) are met and USAA necessary breached the implied covenant of good faith and fair dealing. Foraker argues that it does not matter whether USAA conducted a reasonable investigation, reached reasonable conclusions regarding the cause of Foraker's injuries, or made a good faith offer of $250,000. Rather, under Foraker's interpretation of § 746.230(1)(g), because (1) Foraker had to file a lawsuit and (2) recovered substantially more than the settlement offer of $250,000, USAA necessarily breached its duty of good faith and fair dealing.

Foraker relies on *Ivanov v. Farmers Insurance Co.*, 344 Or. 421 (2008), in support of her argument. In *Ivanov*, Farmers Insurance Company ("Farmers") denied payments that the plaintiffs claimed pursuant to Oregon's Personal Injury Protection statutes. *Id.* at 424. The plaintiffs filed a lawsuit seeking to compel those payments and challenged Farmers' generalized

PAGE 6 – OPINION AND ORDER

criteria for denying benefits. *Id.* The Oregon Supreme Court held that Farmers had to establish that the denials were based on reasonable investigations before it could prevail on summary judgment. *Id.* at 431-32. To determine how the obligation of good faith and fair dealing applied to Farmers, the court noted that the Oregon legislature prohibited insurers from denying the payment of claims without reasonably investigating those claims. *Id.* at 430 (citing O.R.S. § 746.230(1)(d)).[2] The court referred specifically to O.R.S. § 746.230(1)(d ) and stated that "[o]bedience to that prohibition" was part of Farmers' good faith obligation. *Id.*

According to Foraker, *Ivanov* requires finding that violating O.R.S. § 746.230(1)(g) is a breach of the implied covenant of good faith and fair dealing. Specifically, Foraker argues that *Ivanov* held that O.R.S. § 746.230(1) requires Oregon insurers to obey *all* of the statute's claims settlement prohibitions to carry out their common-law obligation of good faith and fair dealing that exists in every contract. Foraker emphasizes that § 746.230(1)(g) is equally important as § 746.230(1)(d) in the statutory list of prohibited conduct. The only potential issue of material fact, according to Foraker, would be whether the amount awarded at trial was substantially more than the pre-litigation amount USAA offered. Foraker argues that the $750,000 difference settles this single issue.

The Court declines to read *Ivanov* so broadly, nor does such a broad reading comport with Oregon's law on the covenant of good faith and fair dealing. *Ivanov* did not hold that all subsections of O.R.S. § 746.230(1) are necessarily components of insurers' good faith and fair dealing obligations. Rather, *Ivanov* concluded that subsection (d) is a component of determining the covenant of good faith and fair dealing. The text from *Ivanov* that Foraker cites states "that

---

[2] This provision provides: "No insurer or other person shall commit or perform any of the following unfair claim settlement practices . . . . (d) Refusing to pay claims without conducting a reasonable investigation based on all available information." O.R.S. § 746.230(1)(d).

PAGE 7 – OPINION AND ORDER

prohibition," referring specifically to subsection (d)—not to O.R.S. § 746.230(1) in its entirety. No text from *Ivanov* supports the argument that its holding implicates O.R.S. § 746.230(1)(g) or any other subsection of § 746.230(1) in addition to subsection (d).

Moreover, the requirement contained in subsection (d), to conduct a reasonable investigation, comports with Oregon's common law of good faith and fair dealing. The reasonable expectations of the parties to an insurance contract cannot be effectuated if the insurance company does not perform a reasonable investigation into the claim. That is not so with subsection (g). If an insurance company performs a reasonable investigation, reaches a reasonable conclusion, and makes a good faith offer, the fact that the insured chooses to decline that good faith offer and goes to trial and then recovers substantially more at trial cannot convert that reasonable investigation and good faith offer into an automatic breach of the duty of good faith and fair dealing after-the-fact. Nothing in *Ivanov* supports such a construction.

Foraker provides no other case law to support her argument. The Court is unable to find supporting precedent that—even if USAA acted reasonably and in good faith—it breached its obligation of good faith and fair dealing merely by offering substantially less in settlement negotiations than the amount Foraker ultimately recovered at trial.

U.S. District Judge Ann Aiken in this district recently addressed a related issue. *Veloz*, 306 F. Supp. 3d. at 1281. The plaintiff in *Veloz* argued that the defendant breached the implied duty of good faith and fair dealing by, among other reasons, "compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants." *Id.* Judge Aiken found that when an insurer adopts a plausible, yet ultimately incorrect, reading of a policy, a claim for breach of the covenant of good faith and fair dealing requires "something beyond the mere breach of contract

to proceed." *Id.* She noted that while "[i]t does not appear that Oregon law requires bad faith . . . it seems unlikely that every breach of contract claim is a *per se* breach of the duty of good faith." *Id.* The plaintiff in *Veloz* needed additional evidence, such as misrepresentation or other indications of bad faith, to succeed on a summary judgment motion. A breach of contract alone was insufficient.

Similarly, a breach of O.R.S. § 746.230(1)(g) alone is insufficient. The mere fact that USAA offered Foraker an amount that Foraker (rightfully) believed was too low and thus she filed suit and recovered substantially more than the amount offered in settlement is insufficient to prove a breach of the implied covenant of good faith and fair dealing as a matter of law. If evidence exists of misrepresentation, bad faith, unreasonable investigation, unreasonable delay, or the like, then a reasonable factfinder could determine that USAA had breached its duty of good faith and fair dealing. Simply violating O.R.S. § 746.230(1)(g), without more, however, does not automatically mean an insurer has breached the covenant of good faith and fair dealing. In her pending motion, Foraker makes no argument that USAA engaged in any such conduct. Foraker simply argues that USAA offered less money before suit than Foraker recovered at trial.

Moreover, a genuine factual dispute exists on the fact asserted by Foraker in the pending motion of whether USAA "compelled" Foraker to litigate. There are factual issues as to whether Foraker actually had granted USAA an open-ended extension of time to decide Foraker's claim, or whether the extension was contingent on the provision of medical records that were subsequently supplied to USAA. USAA's breach of the implied covenant of good faith and fair dealing will turn on USAA's conduct and Foraker's reasonable expectations in this regard. *See Barinaga*, 749 F. Supp. at 1178; *Swenson*, 169 Or. App. at 554-55 (holding that defendant's summary judgment motion was inappropriate because defendant's actions could have frustrated

PAGE 9 – OPINION AND ORDER

plaintiff's objectively reasonable expectation); *Tolbert v. First Nat. Bank of Oregon*, 312 Or. 485, 494 (1991) (holding that the objectively reasonable expectations of the parties will be examined to determine whether the obligation of good faith has been met). Accordingly, summary judgment is inappropriate.

## CONCLUSION

Plaintiff has not shown that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law on her claim for breach of the implied covenant of good faith and fair dealing. Foraker's motion for summary judgment (ECF 395) is DENIED.

**IT IS SO ORDERED**.

DATED this 17th day of October, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge