# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PEGGY FORAKER**,<br><br>Plaintiff,<br><br>v.<br><br>**USAA CASUALTY INSURANCE COMPANY**,<br><br>Defendant. | Case No. 3:14-cv-87-SI<br><br>**OPINION AND ORDER** |

Stephen Hendricks, HENDRICKS LAW FIRM, 30088 SW Egger Rd., Hillsboro, OR 97213; Heather A. Brann, HEATHER A. BRANN, ATTORNEY AT LAW, P.O. Box 11588, Portland, OR 97211. Of Attorneys for Plaintiff.

Robert S. McLay and Joshua N. Kastan, DKM LAW GROUP, LLP, 535 Pacific Avenue, Suite 101, San Francisco, CA, 94133; Matthew C. Casey, BULLIVANT HOUSER BAILEY, PC, 300 Pioneer Tower, 888 SW Fifth Avenue, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

## INTRODUCTION

Plaintiff Peggy Foraker moves that the Court certify the following three questions for consideration by the Oregon Supreme Court:

> 1. *Ivanov v. Farmers Ins. Co.*, 344 Or. 421, 430 (2008), held that "[o]bedience to that prohibition [of ORS § 746.230(1)(d)] is a component of [an insurer's] good faith obligation in this context." Would

Oregon law extend the reasoning of *Ivanov* to a violation of
ORS 746.230(1)(g)?

      2.      Is a violation of ORS 746.230(1)(g), without more, a breach of the implied covenant of good faith and fair dealing by an insurer as a matter of Oregon law under similar reasoning to that of *Ivanov v. Farmers Ins. Co.*, 344 Or. 421 (2008)?

      3.      To recover at trial for breach of the implied covenant of good faith and fair dealing related to a violation of ORS 746.230(1)(g), must the plaintiff prove "something more" in terms of unreasonable insurer conduct, apart from the fact that the insurer compelled its insured to litigate by offering substantially less than amounts recovered at trial? Conversely, would it be a defense to a violation of ORS § 746.230(1)(g) that the insurer's claims handling was "reasonable but wrong" in formulating a substantially small prelitigation offer?

For the following reasons, Plaintiff's motion to certify these questions to the Oregon Supreme Court is denied.

## STANDARDS

Certification of questions to the Oregon Supreme Court is governed by Oregon Revised Statutes ("Or. Rev. Stat.") § 28.200, *et seq.* ("Certification Act"). These statutory provisions are Oregon's adopted form of the Uniform Certification of Questions of Law Act. *See* Or. Rev. Stat. § 28.255; *F.D.I.C. v. Smith*, 328 Or. 420, 423 (1999). Because Oregon's Certification Act is based on a uniform act, commentary relating to the uniform act and other cases interpreting similar statutes based on the uniform act may be instructive. *See W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 363 n.2 (1991) ("Because our statute is based on a uniform law there exist[s] useful commentary on the Uniform Act, instructive case law from other uniform-law jurisdictions, and informative academic treatment of the subject.").

The primary statutory provision relating to certification establishes that the Oregon Supreme Court may answers questions of law certified to it from certain courts, including this United States District Court, "if there are involved in any proceedings before it questions of law

PAGE 2 – OPINION AND ORDER

of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state." Or. Rev. Stat. § 28.200. Oregon's Certification Act also requires that the certifying court set forth the questions to be answered and a statement of all facts relevant to the questions and "showing fully the nature of the controversy." Or. Rev. Stat. § 28.210. "The decision to certify a question to a state supreme court rests in the 'sound discretion' of the district court." *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003) (quoting *Louie v. United States*, 776 F.2d 819, 824 (9th Cir. 1985). "Even where state law is unclear, resort to the certification process is not obligatory." *Id.*

## DISCUSSION

The Court previously denied Plaintiff's motion for summary judgment in which Plaintiff argued that a violation of Or. Rev. Stat. § 746.230(1)(g) is a *per se* violation of an insurer's duty of good faith and fair dealing. The Court also denied Plaintiff's subsequent motion for reconsideration. Plaintiff now argues that because the Court noted in its Opinion and Order denying Plaintiff's motion for summary judgment that there was no Oregon case agreeing with Plaintiff's theory, the question should be certified. The Court disagrees.

### A. Threshold Inquiry

The certification process serves many purposes. It originally arose out of cases where abstention might be appropriate, but in lieu of abstention courts could certify a question to the state court. *See, e.g.*, Wright & Miller, *Certification to State Court*, 17A Fed. Prac. & Proc. Juris. § 4248 (3d ed.) (hereinafter "Wright & Miller"). In those circumstances, the U.S. Supreme Court emphasized that certification to state supreme courts can "save time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391

PAGE 3 – OPINION AND ORDER

(1974). Another purpose of certifying a question to a state supreme court "is to provide foreign courts with the benefit of [the state Supreme Court's] determination of [state] law." *Abrams v. W. Virginia Racing Comm'n*, 164 W. Va. 315, 318, 263 S.E.2d 103, 106 (1980). Where that benefit is not needed or necessary, however, certification is not appropriate. *See id.*

"Where certification is available, it is not a device to be used indiscriminately." Wright & Miller, § 4248. "Questions ought not be certified if the answer is reasonably clear." *Id*; *see also Russell v. Salve Regina Coll.*, 938 F.2d 315, 318 (1st Cir. 1991) (noting that the fact that the state courts had never addressed the issue "reflects only the fact that the court apparently has not been faced squarely with the issue" and denying certification because the First Circuit was "convince[d]" about how the state court would rule on the issue); *White v. Celotex Corp.*, 907 F.2d 104, 106 (9th Cir. 1990) (finding that it was "highly unlikely that the Supreme Court of Arizona" would adopt the proposed legal theory and concluding that "[t]he question is not close and so the district court did not err in exercising its discretion to deny certification"); *Bi-Rite Enters., Inc. v. Bruce Miner Co.*, 757 F.2d 440, 443 n.3 (1st Cir. 1985) ("Although Massachusetts allows certification of difficult questions of state law to the Supreme Judicial Court, it is inappropriate for a federal court to use such a procedure when the course state courts would take is reasonably clear."); *Marston v. Red River Levee & Drainage Dist.*, 632 F.2d 466, 468 (5th Cir. 1980) (holding, in a matter of first impression in constructing a state statute: "For several reasons, we deny the motion to certify to the Louisiana Supreme Court. First, this cause is long in the tooth and should be disposed of if that can be done by us with confidence. Second, the law involved seems clear on its face, and we are relatively certain of its meaning."); *State of Fla. ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 275 (5th Cir. 1976) (declining to certify a question because the court did not find the question to be "an extremely close one" and because

certification would cause further delay in a case that had already been litigated for two and one-half years with many preliminary issues still being decided).

All three of Plaintiff's proposed questions are essentially the same—whether a violation of Or. Rev. Stat. § 746.230(1)(g) constitutes a *per se* breach of an insurer's implied duty of good faith and fair dealing, regardless of whether the insurer conducted a reasonable investigation or acted in good faith in making a settlement offer. The Court thus analyzes them together.

The three questions proposed by Plaintiff do not well serve the purposes of certification. Certification here would cause delay, when this case already has been litigated for more than five years. It would not save the parties time and resources but would cause additional expenditures. Furthermore, and perhaps more importantly, the Court does not find that the legal question—whether a violation of § 746.230(1)(g) is a *per se* violation of an insurer's implied duty of good faith and fair dealing regardless of the reasonableness and good faith of the insurer's conduct—is a close one. The Court has already explained why Plaintiff's theory is unreasonable and unsupported under Oregon law. The Court further finds that the answer is reasonably clear under Oregon law and that it is highly unlikely that the Oregon Supreme Court would find otherwise. Thus, the Court would not benefit from waiting for the Oregon Supreme Court's determination. Given these findings and the associated delay and expense that certification would cause, as a threshold matter certification is inappropriate. *See Russell*, 938 F.2d at 318; *White*, 907 F.2d at 106; *Bi-Rite Enters.*, 757 F.2d at 443 n.3; *Marston*, 632 F.2d at 468; *Shevin*, 526 F.2d at 275.

**B. Statutory Elements**

Certification also is inappropriate in this case because the statutory requirements are not satisfied. To be eligible for certification, a proposed question:

> must meet five criteria created by the statute: (1) The certification
> must come from a designated court; (2) the question must be one
> of law; (3) the applicable law must be Oregon law; (4) the question

> must be one that "may be determinative of the cause;" and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of this court or the Oregon Court of Appeals.

*W. Helicopter Servs.*, 311 Or. at 364 (quoting Or. Rev. Stat. § 28.200). When one or more of these factors is not met, the analysis ends and the question is not appropriate for certification. *Id.* at 366.

The questions proposed by Plaintiff do meet the requirement that they be "determinative of the cause." This factor means that the Oregon Supreme Court's determination must "have the potential to determine at least one *claim* in the case." *Id.* at 365 (emphasis added). Plaintiff's question regarding whether a violation of Or. Rev. Stat. § 746.230(1)(g) is a *per se* violation of an insurer's implied duty of good faith and fair dealing will not be determinative of that claim in this case. This is because even if the Oregon Supreme Court were to agree with Plaintiff's theory, this Court previously determined that because Plaintiff is seeking *non-economic* damages for her claim for breach of the implied duty of good faith and fair dealing, she must also prove related physical injury.

Additionally, the answers to Plaintiff's questions are not cause determinative because the Court found in its Opinion and Order on Plaintiff's motion for summary judgment that there were questions of fact regarding whether Defendant "compelled" Plaintiff to litigate. Thus, even if a violation of § 746.230(1)(g) were a *per se* violation of an insurer's implied duty of good faith and fair dealing, Plaintiff's claim would still need to be litigated to determine whether in this case Defendant violated § 746.230(1)(g).

Plaintiff's claim for breach of the implied duty of good faith and fair dealing will not be determined based solely on the answer to any of Plaintiff's proposed questions. Even if the answers to Plaintiff's proposed questions all comport with her interpretations, she will still have

PAGE 6 – OPINION AND ORDER

to litigate whether she suffered a physical injury as a result of the alleged breach of contract and whether she was "compelled" to litigate. Accordingly, the proposed questions are not determinative of any cause.

## CONCLUSION

Plaintiff's Motion for an Order Certifying a Determinative Question of Law to the Oregon Supreme Court (ECF 427) is DENIED.

**IT IS SO ORDERED**.

DATED this 7th day of February, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge