IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PEGGY FORAKER**,

       Plaintiff,

v.

**USAA CASUALTY INSURANCE COMPANY**, a Texas corporation,

       Defendant.

_____

**HEATHER A. BRANN; HEATHER A. BRANN PC; STEPHEN C. HENDRICKS;** and **HENDRICKS LAW FIRM PC,**

       Intervenor-Plaintiffs,

v.

**PEGGY FORAKER**,

       Intervenor-Defendant.

Case No. 3:14-cv-87-SI

**OPINION AND ORDER GRANTING MOTION TO INTERVENE**

Katherine R. Heekin, THE HEEKIN LAW FIRM, 7327 SW Barnes Road, Suite 824, Portland, OR 97225. Of Attorneys for Plaintiff and Intervenor-Defendant Peggy Foraker.

Robert S. McLay, DKM LAW GROUP LLP, 201 Spear Street, Suite 1100, San Francisco, CA 94105; Jessica J. Ross, DKM LAW GROUP LLP, 535 Pacific Avenue, Suite 101, San Francisco, CA 94133; Joshua N. Kastan, DKM LAW GROUP LLP, 1050 SW Sixth Avenue, Suite 1100, Portland, OR 97204; and Matthew C. Casey, BULLIVANT HOUSER BAILEY PC, One SW Columbia Street, Suite 800, Portland, OR 97204. Of Attorneys for Defendant USAA Casualty Insurance Company.

David B. Markowitz and Hannah Hoffman, MARKOWITZ HERBOLD PC, 1455 SW Broadway, Suite 1900, Portland, OR 97201. Of Attorneys for Intervenor-Plaintiffs Heather A. Brann, Heather A. Brann PC, Stephen C. Hendricks, and Hendricks Law Firm PC.

PAGE 1 – OPINION AND ORDER GRANTING MOTION TO INTERVENE

**Michael H. Simon, District Judge.**

Before the Court is a motion to intervene filed by Heather A. Brann, Heather A. Brann PC, Stephen C. Hendricks, and Hendricks Law Firm PC (collectively, Intervenor-Plaintiffs). ECF 560. Intervenor-Plaintiffs previously represented Plaintiff Peggy Foraker (Foraker) in this lawsuit. On July 30, 2021, Intervenor-Plaintiffs filed a Notice of Claim of Attorney Fee Lien Pursuant to ORS 87.430. ECF 550. The next business day, August 2, 2020, Foraker filed a motion to substitute counsel (ECF 551), which the Court granted. ECF 553. Foraker, through her new counsel, opposes the pending motion to intervene by her former counsel. Defendant USAA Casualty Insurance Company (USAA) takes no position on the issue. For the reasons that follow, the Court grants the motion to intervene.

## STANDARDS

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, to intervene as of right an applicant must meet the following four requirements:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)) (quotation marks omitted).[1] If a party seeking to intervene fails to meet any of these requirements, it may not intervene as a matter of right. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

---

[1] Alternatively, Rule 24(a)(1) provides that a court must permit intervention as of right to anyone who "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Rule 24(a)(1) does not apply in this case.

In evaluating whether these requirements have been met, courts "are guided primarily by practical and equitable considerations" and generally construe the intervention rule "broadly in favor of proposed intervenors." *City of Los Angeles*, 288 F.3d at 397 (quotation marks and citations omitted). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). A proposed intervenor has a significant protectable economic interest when that interest is "concrete and related to the underlying subject matter of the action." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The interest must be "direct" and "non-contingent." *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981).

Applicants for permissive intervention under Rule 24(b) need only meet the following three threshold requirements: "(1) an independent ground for jurisdiction; (2) a timely motion; (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). Even if an applicant satisfies these threshold requirements, however, a court still has discretion to deny permissive intervention. *Donnelly*, 159 F.3d at 412. In exercising this discretion, a court "must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id*.

## BACKGROUND

In this case, the Court has already conducted two bench trials, one addressing Phase I issues and a second resolving Phase II claims. In Phase I, Foraker recovered from her insured, USAA, $1 million, representing the policy limits of her uninsured motorist (UM) coverage. Also in Phase I, the Court awarded Foraker her attorney's fees against USAA, under Oregon Revised

Statutes (ORS) § 742.061, in the amount of $1,310,580, which included a 1.5 multiplier.[2] In Phase II, Foraker prevailed against USAA on her claim of breach of the implied covenant of good faith and fair dealing. She recovered $322,882.78 in damages, but that was only a small portion of what she had sought. The Court also awarded Foraker attorney's fees and costs at Phase II in the amount of $178,792.93, but with no multiplier. This brought Foraker's total recovery in this case to $2,812,255.71, consisting of $1 million for UM policy limits plus $1,812,255.71 for attorney's fees, costs, and additional damages. Foraker appealed the Court's rulings at Phase II, both on liability and attorney's fees.

On July 19, 2021, the Ninth Circuit affirmed in part, reversed in part, vacated in part, and remanded. ECF 549. The Ninth Circuit held that this Court did not clearly err in denying Foraker's claim for lost investment profits from the sale of her retirement assets as damages for USAA's breach of the implied covenant of good faith. The Ninth Circuit also held that this Court did not clearly err in calculating Foraker's damages for the loss of the use of $1 million, which was the amount of her UM policy limits. The appellate court further held that this Court did not err in denying Foraker prejudgment interest on her Phase II damages. The Ninth Circuit, however, concluded that this Court erred in denying Foraker her Phase II litigation costs as consequential damages. The Ninth Circuit instructed this Court to award Foraker an additional $109,468.86, representing these damages. Regarding Foraker's claim for Phase II attorney's fees, the Ninth Circuit stated that "we are unable to determine whether the district court abused its

---

[2] ORS 742.061(1) provides, in relevant part, that "if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney's fees shall be taxed as part of the costs of the action and any appeal thereon."

PAGE 4 – OPINION AND ORDER GRANTING MOTION TO INTERVENE

discretion in reducing Foraker's requested Phase II attorneys' fees by 75%" and thus vacated the Phase II fee award and remanded for further proceedings. ECF 549 at 5-6. Finally, whatever will be the ultimate calculation of Foraker's Phase II attorney's fees, the Ninth Circuit directed that this Court apply a 1.5 multiplier, just as was done with Foraker's Phase I attorney's fees. *Id*. at 6.

On July 30, 2021, eleven days after the Ninth Circuit issued its ruling but before its mandate, Intervenor-Plaintiffs (who were still Foraker's attorneys at the time) filed their Notice of Claim of Attorney Fee Lien Pursuant to ORS 87.430.[3] ECF 550. On the next business day, August 2, 2021, Foraker moved to substitute counsel, replacing Intervenor-Plaintiffs (ECF 551), which the Court granted. ECF 553. The Ninth Circuit issued its mandate on August 10, 2021. ECF 554. On September 13, 2021, Intervenor-Plaintiffs filed the pending motion to intervene. ECF 560. The following day, September 14, 2021, Intervenor-Plaintiffs filed their proposed Complaint-in-Intervention (ECF 563),[4] before the Court received any substantive argument from any party or made any substantive ruling regarding the post-remand determination of Foraker's Phase II attorney's fees.

Earlier, however, on February 27, 2021, Foraker, through her current counsel in this lawsuit, sued her former attorneys (Intervenor-Plaintiffs) in state court. *See Foraker v. Stephen C. Hendricks, et al.*, Case No. 21CV07345 (Mult. Cnty. Cir. Ct.) (the State Lawsuit). ECF 561,

---

[3] ORS § 87.430 provides, in relevant part: "An attorney has a lien for compensation whether specially agreed upon or implied, upon all papers, personal property and money of the client in the possession of the attorney for services rendered to the client." In addition, ORS 87.480 states: "Attorneys have the same right and power over actions, suits, proceedings, judgments, orders and awards to enforce their liens as their clients have for the amount due thereon to them."

[4] In their proposed complaint-in-intervention, Intervenor-Plaintiffs allege that Foraker breached her contract for legal services, for which they seek money damages. They also seek an assignment of Foraker's interest in the Court's remaining attorney fee award in this federal lawsuit. *See* ECF 563.

Ex. 1. In that action, Foraker alleges against Intervenor-Plaintiffs (her former counsel) breach of fiduciary duty, professional negligence, and financial elder abuse. As relief, Foraker seeks, among other things, a court order nullifying all fee agreements and related settlement statements with her former counsel. In their Answer, Affirmative Defenses, and Counterclaims in the State Lawsuit, Intervenor-Plaintiffs assert counterclaims very similar to the claims they assert in their proposed Complaint-in-Intervention. *See* ECF 565-1. The Court recognizes the significant overlap (and thus the risk of inconsistent results) between the claims and counterclaims alleged in Foraker's State Lawsuit and the claims in intervention asserted by Intervenor-Plaintiffs in this federal action. No one, however, has yet moved to stay either action, which is understandable. The first step is for the Court to resolve the pending motion to intervene.

## DISCUSSION

Intervenor-Plaintiffs satisfy all four requirements under Rule 24(a)(2). First, in their proposed Complaint-in-Intervention, Intervenor-Plaintiffs have shown that, based on their attorney fee lien, they have a significant protectable interest relating to the property or transaction that is the only remaining subject of this action, namely the remaining unpaid attorney's fees due from USAA as part of Phase II. Second, the disposition of this federal action may, as a practical matter, impair or impede Intervenor-Plaintiffs' ability to protect their interests in that fee award or some portion of it. For example, Foraker may attempt to settle that fee award with USAA on terms that are unfavorable to Intervenor-Plaintiffs. Third, the application for intervention is timely. Intervenor-Plaintiffs moved to intervene shortly after the Ninth Circuit issued its mandate, which remanded the Phase II fee issue for further proceedings. Fourth, and finally, the existing parties may not adequately represent the interests of Intervenor-Plaintiffs. Neither Foraker nor USAA has any legal obligation to protect the interest of Intervenor-Plaintiffs. Indeed, in the State Lawsuit, Foraker is attempting to extinguish their interests.

In the alternative, Intervenor-Plaintiffs satisfy all three threshold requirements for permissive intervention under Rule 24(b). First, there is an independent ground for jurisdiction over the proposed Complaint-in-Intervention. The proposed Complaint-in-Intervention invokes diversity jurisdiction, alleging that Foraker is a "resident" of Virginia,[5] that USAA is a Texas corporation, that Intervenor-Plaintiffs are Oregon entities or "residents,"[6] and that the amount in controversy exceeds $75,000. In her opposition memorandum, Foraker argues that at the time she filed her original complaint in this federal lawsuit in 2014, she was a citizen of Oregon, not Virginia. In support of her opposition on this point, Foraker cites *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376 (9th Cir. 1988). In that case, "the district court, believing that it had jurisdiction based on the original interpleader claim, granted the Band leave to file an amended complaint realleging the interpleader claim and adding three claims for declaratory relief." *Id*. at 1380. The Ninth Circuit explained: "In determining federal court jurisdiction, we look to the original, rather than to the amended, complaint. Subject matter jurisdiction must exist as of the time the action is commenced." *Id. Morongo*, however, did not involve a motion to intervene or a proposed Complaint-in-Intervention. It involved only an amended complaint.

For a Complaint-in-Intervention, the Ninth Circuit has noted that "an independent basis for jurisdiction is required for claims by permissive intervenors." *Blake v. Pallan*, 554 F.2d 947, 956 (9th Cir. 1977). Further, in that case, the Ninth Circuit expressly looked at the claims

---

[5] Intervenor-Plaintiffs allege that Foraker is a "resident" of Virginia. For diversity jurisdiction, however, the correct requirement looks to whether the parties are "citizens" of different States. *See* 28 U.S.C. § 1332(a). The Court gives Intervenor-Plaintiffs leave to correct this allegation when they file their actual Complaint-in-Intervention.

[6] *See* n.4, *supra*.

PAGE 7 – OPINION AND ORDER GRANTING MOTION TO INTERVENE

contained in the proposed Complaint-in-Intervention. *Id*. Applying that same method of analysis here, the Court looks to the claims alleged in the proposed Complaint-in-Intervention; there appears to be complete diversity of citizenship.[7]

Second, the Motion to Intervene is timely. It was filed shortly after the Ninth Circuit's mandate remanding this case and before any substantive filings or decisions have been made. Third, there is a common question of law and fact between the claims asserted by Intervenor-Plaintiffs and the main action. At least one common question concerns the determination of the correct amount of attorney's fees at Phase II that USAA must pay to Foraker under ORS § 742.061. Indeed, that is the only disputed issue that remains to be decided on remand, and it affects both Foraker's claim against USAA and Intervenor-Plaintiffs' claim against Foraker. The Court also finds that intervention will not unduly delay the main action or unfairly prejudice the existing parties.

Finally, in their Motion to Intervene, Intervenor-Plaintiffs cite the Ninth Circuit's decision in *Venegas v. Skaggs*, 867 F.2d 527, 528 (9th Cir. 1989), *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990). In that case, the Ninth Circuit held that it was an abuse of discretion for a district to deny permissive intervention under very similar circumstances. In *Venegas*, the intervenor (Mitchell) successfully represented the plaintiff in his § 1983 action alleging false arrest and imprisonment. *Id*. at 529. The plaintiff then substituted new counsel on

---

[7] The Court also notes that because the proposed Complaint-in-Intervention demonstrates diversity jurisdiction, it could be filed as a separate action in this district. Further, because its subject matter is related to the pending federal lawsuit, it would be assigned to the undersigned district judge as a "related case." Finally, Intervenor-Plaintiffs could move for consolidation under Rule 42(a) of the Federal Rules of Civil Procedure. All of this further supports the Court's conclusion that subject-matter jurisdiction for the proposed Complaint-in-Intervention is to be determined at the time that proposed pleading is filed and not when the original lawsuit was commenced.

PAGE 8 – OPINION AND ORDER GRANTING MOTION TO INTERVENE

appeal, and Mitchell filed a motion to intervene to confirm his lien on the judgment for attorney's fees. *Id*. The district court denied the motion. *Id*. The Ninth Circuit held that this denial constituted an abuse of discretion because the district court's ruling went toward the question of what amount of fees were due to Mitchell and neither of the other parties could be expected to protect Mitchell's interests. *Id*. at 530, citing *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir. 1970) (holding that under such circumstances, a former attorney may intervene as of right). The Ninth Circuit held that "the trial court abused its discretion when it denied Mitchell permissive intervention." *Id*. at 531. Here, the Court notes that in Foraker's memorandum in opposition to the motion to intervene (ECF 564), Foraker does not even mention the Ninth Circuit's decision in *Venegas*.

## CONCLUSION

The Court GRANTS the Motion to Intervene on Behalf of Heather A. Brann, Heather A. Brann PC, Stephen C. Hendricks, and Hendricks Law Firm PC. ECF 560. Intervenor-Plaintiffs shall file their Complaint-in-Intervention within two weeks.

**IT IS SO ORDERED**.

DATED this 6th day of October, 2021.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 9 – OPINION AND ORDER GRANTING MOTION TO INTERVENE