IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PEGGY S. FORAKER, an individual**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**USAA CASUALTY INSURANCE COMPANY, a Texas corporation**,<br><br>　　　　Defendant.<br> | Case No. 3:14-cv-87-SI<br><br>**ORDER** |
| **HEATHER A. BRANN, HEATHER A. BRANN PC, STEPHEN C. HENDRICKS, HENDRICKS LAW FIRM PC**,<br><br>　　　　Intervenor-Plaintiffs,<br><br>　　v.<br><br>**PEGGY S. FORAKER, an individual**,<br><br>　　　　Intervenor-Defendant. | |

**Michael H. Simon, District Judge.**

　　Peggy S. Foraker sued USAA Casualty Insurance Company ("USAA"), alleging breach of contract, financial abuse of a vulnerable person, and breach of the implied covenant of good faith and fair dealing. The proceedings were bifurcated into two phases, and Foraker prevailed in both. After the appeal of Phase II was decided by the Ninth Circuit Court of Appeals, Heather A. Brann, Heather A. Brann PC, Stephen C. Hendricks, and Hendricks Law Firm PC (collectively, "Intervenor-Plaintiffs"), who represented Foraker throughout most of the litigation against

PAGE 1 – ORDER

USAA, intervened to litigate their interest in the attorney's fee awards. Intervenor-Plaintiffs now move for summary judgment based on claim preclusion from a state court judgment, and seek a judgment in their favor on all claims-in-intervention and against Foraker on all of her counterclaims-in-intervention. For the reasons that follow, the Court grants Intervenor-Plaintiff's motion in part. The Court agrees that claim preclusion applies, but the effect is not for the Court to grant summary judgment in favor of Intervenor-Plaintiffs' claims on the merits, but instead to dismiss the claims-in-intervention and counterclaims-in-intervention with prejudice.

## BACKGROUND

On January 4, 2012, Foraker was injured in an automobile collision caused by an intoxicated, uninsured motorist. The next day, Foraker reported the accident to USAA, her insurer. By February 2013, more than a year later, USAA had paid Foraker only for her covered medical expenses, $159,329.76. On April 8, 2013, Foraker made a demand against USAA for $1 million, the policy limit of Foraker's uninsured motorist ("UM") coverage with USAA. On November 14, 2013, USAA offered to pay Foraker $250,000 to resolve Foraker's UM claim. Foraker rejected USAA's offer, and this lawsuit followed.

After an eight-day bench trial at Phase I, United States District Judge Anna Brown found that the other driver's negligence was a substantial, contributing factor that caused Foraker's injuries. Judge Brown also determined that Foraker had suffered $1,172,338.04 in economic damages and $750,000 in noneconomic damages, all caused by the uninsured motorist's conduct. ECF 237. Judge Brown later transferred the case to the undersigned, who awarded Foraker Phase I attorney's fees in the amount of $1,310,580. ECF 391 at 20.

The case next proceeded to Phase II. After a two-day bench trial, the Court found that USAA had breached its implied covenant of good faith and fair dealing, which was the only claim that remained at issue by the time of trial. ECF 506 at 16. After finding liability, the Court

PAGE 2 –ORDER

awarded Foraker additional damages at Phase II in the amount of $322,882.78. *Id*. at 19. The Court awarded Foraker Phase II attorney's fees in the amount of $178,792.93. ECF 538 at 14.

Intervenor-Plaintiffs represented Foraker throughout most of this litigation. On March 1, 2021, Foraker filed a complaint against Intervenor-Plaintiffs in Multnomah County Circuit Court, alleging that the attorney's fee agreement she signed with them should be "nullified," and asserting claims of breach of fiduciary duty, negligence, financial elder abuse, and a declaratory action. On August 2, 2021, Foraker substituted her current counsel in place of Heather A. Brann and Stephen C. Hendricks. ECF 553. Meanwhile, in this case, the Ninth Circuit issued its mandate on the appeal on August 10, 2021. ECF 554. The Court held a status conference on September 1, 2021, to discuss the remaining matters before the Court. ECF 559. Intervenor-Plaintiffs moved to intervene on September 13, 2021, ECF 560, and the Court granted the motion, ECF 567. Intervenor-Plaintiffs filed their complaint-in-intervention on October 18, 2021, alleging breach of contract and seeking declaratory relief. ECF 568 at 6-8. Foraker filed an answer to the complaint-in-intervention in which she asserted a counterclaim seeking declaratory relief. ECF 571 at 14.

On January 19, 2022, the Court granted a partial stay while the related state court lawsuit proceeded. ECF 581. Following three rounds of summary judgment motions in state court, on March 26, 2023, the trial court entered a General Judgment in favor of Intervenor-Plaintiffs and against Foraker. On May 16, 2023, the trial court entered a Supplemental Judgment awarding attorney's fees of $756,022.02 to Intervenor-Plaintiffs. Foraker appealed to the Oregon Court of Appeals, and that appeal is ongoing. Intervenor-Plaintiffs now move for summary judgment on the basis of claim preclusion.

**DISCUSSION**

Intervenor-Plaintiffs argue that all parties are bound by the state court judgment, and thus claim preclusion necessitates a judgment in favor of Intervenor-Plaintiffs and against Foraker. Foraker argues that if the Court holds that claim preclusion applies against Foraker, it also applies against Intervenor-Plaintiffs, such that their claims must be dismissed. Foraker also asserts that as a matter of policy, it would be more prudent to continue the stay in this federal litigation, without ruling on any dispositive motions, until the state court adjudication, including the appeals process, is complete.

Federal courts must "afford the same full faith and credit to state court judgments that would apply in the State's own courts." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 463 (1982). The Court is bound to "give the same . . . preclusive effect to a state court judgment as that judgment would have in the state courts of the state in which it was rendered." *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (explaining that federal courts must "refer to the preclusion law of the State in which judgment was rendered"). Thus, the Court applies Oregon law when evaluating the proceeding from which Intervenor-Plaintiffs argue claim preclusion arises.

Claim preclusion "generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." *Bloomfield v. Weakland*, 339 Or. 504, 510 (2005). The Oregon Supreme Court has consistently defined claim preclusion as follows:

> [A] plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.

PAGE 4 –ORDER

*Id.* at 510-11 (quoting *Rennie v. Freeway Transp.*, 294 Or. 319, 323 (1982)). Thus, a party may not litigate the "same claim on any ground or theory of relief that the party could have litigated in the first instance." *Id.* at 511. "[C]ourts employ a broad definition of what could have been litigated." *Drews v. EBI Cos.*, 310 Or. 134, 141 (1990). "As a rule, a subsequent claim is barred by a prior judgment if the earlier litigation proceeded to final judgment, involved the same parties, and concerned a claim arising out of the same transaction or series of related transactions." *Lucas v. Lake County*, 253 Or. App. 39, 53 (2012) (cleaned up). The key is whether the subsequent claim "aris[es] from the same transactional nucleus of facts," giving "weight to such considerations as whether the facts are related in time, space, origin, or motivation and whether they form a convenient trial unit." *Id.* at 54 (cleaned up).

The parties do not dispute that the factors for claim preclusion are met. The state and federal litigation involve the same parties—Foraker and her former attorneys. Although Foraker notes that the claims in the lawsuits are "similar but not identical," she does not dispute that her claims arise out of the same transaction—Intervenor-Plaintiffs' representation of Foraker in prior litigation and the attorney's fees agreement. Further, although Foraker argues that the Court should consider the effect of the pending appeal before granting summary judgment in favor of the Intervenor-Plaintiffs, under Oregon law, a judgment that is on appeal is a final judgment for the purposes of claim preclusion. *See Yovan v. Litia Motors, Inc.*, 2006 WL 8459343, at *3 (D. Or. Jan. 4, 2006) ("A pending appeal, however, does not affect the preclusive effect of a judgment under Oregon law."); *Sherwood v. Or. Dep't of Transp.*, 170 Or. App. 66, 73 n.7 (2000) ("the mere pendency of an appeal does not affect the preclusive effect of a prior judgment" (quotation marks omitted)).

PAGE 5 –ORDER

The Court thus concludes that claim preclusion applies. The Court, however, agrees with Foraker that under Oregon law, the effect of claim preclusion does not mean that Intervenor-Plaintiffs are entitled to summary judgment on the merits of their claims. Instead, it means that Intervenor-Plaintiffs are no longer entitled to maintain an action on their underlying claims. *See State ex rel. English ex rel. Sellers v. Multnomah County*, 348 Or. 417, 432 (2010) ("[O]nce a plaintiff obtains a valid, final judgment, the plaintiff's underlying claim merges into the final judgment and is extinguished. For that reason, the plaintiff can no longer maintain an action on the underlying claim."). Thus, the proper course of action is to dismiss all remaining claims with prejudice. *See Allison v. Dolich*, 2019 WL 921436 at *17 (D. Or. Feb. 25, 2019) and Case No. 3:14-cv-01005-AC ECF 240 (applying claim preclusion where state and federal actions were progressing in parallel and state action proceeded to judgment first in favor of plaintiffs, granting defendants' summary judgment motion and dismissing all claims). Continuing the stay instead of ruling on this motion and dismissing the claims- and counterclaims-in-intervention would not serve a purpose, as this action would still be dismissed based on claim preclusion when the state court appeals process concluded.[1]

## CONCLUSION

The Court GRANTS IN PART Intervenor-Plaintiffs' motion for summary judgment. ECF 663. The Court dismisses this case with prejudice.

**IT IS SO ORDERED**.

DATED this 7th day of October, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] The issue of entitlement to attorney's fees in this federal case will be decided by this Court in accordance with the Federal Rules of Civil Procedure.

PAGE 6 –ORDER