# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PEGGY S. FORAKER, an individual**, | Case No. 3:14-cv-87-SI |
| Plaintiff, | **ORDER ON ATTORNEY'S FEES** |
| v. | |
| **USAA CASUALTY INSURANCE COMPANY, a Texas corporation**, | |
| Defendant. | |
| **HEATHER A. BRANN, HEATHER A. BRANN PC, STEPHEN C. HENDRICKS, HENDRICKS LAW FIRM PC**, | |
| Intervenor-Plaintiffs, | |
| v. | |
| **PEGGY S. FORAKER, an individual**, | |
| Intervenor-Defendant. | |

**Michael H. Simon, District Judge.**

Peggy S. Foraker sued USAA Casualty Insurance Company ("USAA"), alleging breach of contract, financial abuse of a vulnerable person, and breach of the implied covenant of good faith and fair dealing. The proceedings were bifurcated into two phases, and Foraker prevailed in

PAGE 1 – ORDER

both. After the appeal of Phase II was decided by the Ninth Circuit Court of Appeals, Heather A.

Brann, Heather A. Brann PC, Stephen C. Hendricks, and Hendricks Law Firm PC (collectively,

"Intervenor-Plaintiffs"), who represented Foraker throughout most of the litigation against

USAA, intervened to litigate their interest in the attorney's fee awards.

Intervenor-Plaintiffs then moved for summary judgment based on claim preclusion from

a state court judgment. The Court granted in part this motion. The Court declined to reach

Intervenor-Plaintiffs' motion on the merits, and instead dismissed the case with prejudice

because Intervenor-Plaintiffs were no longer entitled to maintain an action on their underlying

claims due to the final state court judgment. Foraker and Intervenor-Plaintiffs now both move for

attorney's fees, each arguing that they were the prevailing party.

"In an action where a federal district court exercises subject matter jurisdiction over a

state law claim, so long as state law does not contradict a valid federal statute, state law denying

the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the

state, should be followed." *Avery v. First Resol. Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th

Cir. 2009) (citation and quotation marks omitted). Under Oregon law, a prevailing party shall

recover reasonable attorney's fees and costs incurred in enforcing the provisions of a contract

when the contract so requires. Or. Rev. Stat. § 20.096(1). A "prevailing party" is defined as "the

party who receives a favorable judgment or arbitration award *on the claim*." Or. Rev. Stat.

§ 20.077(2) (emphasis added). This definition "contemplates at least some adjudication on the

merits." *O.N. Equity Sales Co. v. Estate of Pence*, 2011 WL 2198307, at *2 (D. Or. May 4, 2011)

(finding that a party was not the prevailing party when the court "refuse[d] jurisdiction over this

case due to the pending state court action" and "did not address or adjudicate the merits of any of

PAGE 2 – ORDER

the [defendant's] claims" in ruling on the motion to dismiss), *report and recommendation adopted*, 2011 WL 2200810 (D. Or. June 7, 2011).

Neither party in this case is a prevailing party. The Court did not rule on the merits of the claims, but instead dismissed this case based on claim preclusion. The Court therefore DENIES Intervenor-Plaintiff's motion for attorney's fees, ECF 672, and DENIES Foraker's motion for attorney's fees, ECF 674.

**IT IS SO ORDERED.**

DATED this 31st day of December, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge